STATE EX REL. DALY, RESPONDENT, *v.* DRYBURGH, MAYOR, ET AL., APPELLANTS.

(No. 4,929.)

(Submitted November 3, 1921. Decided December 19, 1921.)

[203 Pac. 508.]

*Mandamus—Cities—Commission Form of Government—Fire Department—Removal of Chief of Department—Restoration to Roll of Members—Subsequent Suspension—Appeal—Denial of Hearing—Effect.*

Cities—Commission Form of Government—Chief of Fire Department—Removal Authorized.
 1.    While in cities of the first class operating under the commission form of government, authorized by Chapter 57, Laws of 1911, the members of the fire department are protected in their tenure by the provisions of the Firemen's Act (Rev. Codes, sec. 3328), the chief of the department may be removed at any time by a majority vote of the council.

Same—Powers—Mode of Exercise—Statute must be Followed.
 2.    Where a power is conferred on a municipal corporation, and the mode in which it is to be exercised is prescribed by the statute or an independent Act, such procedural method must be followed.

Statutes and Statutory Construction—General and Special Statutes—Repugnancy.
 3.    Where one statute deals with a subject in g neral and comprehensive terms and another deals with a part of the same subject in a more minute and definite way, the two must be read together and harmonized, if possible; to the extent of any necessary repugnancy between them, however, the special will prevail over the general statute.

Cities—Removal of Chief of Fire Department—Restoration to Roll of Members—Suspension—Denial of Hearing on Appeal—Effect.
 4.    The chief of the fire department of a city operating under the commission form of government was removed by the council, his

name, however, being restored to the roll of members, thus entitling him to the safeguards afforded him as such member under the civil service rules of the Firemen's Act. He later was suspended under subdivision (C) of section 25, Chapter 57, Laws of 1911, but a hearing on his appeal was not accorded him. *Held,* that failure to hear his appeal rendered the order of suspension of no effect, automatically reinstated him, and entitled him to compensation during the period of his suspension.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

APPLICATION by the State, on the relation of Thomas J. Daly, for a Writ of Mandamus against John Dryburgh, as Mayor of the City of Helena, and others, to compel them to reinstate relator as Chief of the Fire Department of the city. Writ awarded, and defendants appeal. Reversed and remanded.

*Mr. E. C. Day,* for Appellants, submitted a brief and argued the cause orally.

The Commission Form of Government Act was passed to enable municipalities, which desired to do so, to perform the executive and administrative duties of cities in a more efficient and businesslike method than had been in vogue under the aldermanic system. To accomplish this end, not only was the governing body reduced in numbers, but a closer relation between the governing body and the active working body of the city was provided for. The purpose of all this was to enable the commissioners acting as a city council to deal with the working force in the same manner as an executive of a large business enterprise would deal with the heads of departments of that enterprise. It is therefore apparent, both from the language of the Act and the purpose to be accomplished, that the city council should have and is given full power and authority to appoint and remove those officials named in section 19 without the formalities of a trial. All other employees or officers, except those performing special functions or whose occupation requires any special skill or fitness, are

protected in life tenure or during good behavior by the Civil Service Act.

Prior to the passage of the Commission Form of Government Act the appointment, duties and removal of the chief of the fire department were controlled by the Firemen's Act, as set forth in Revised Codes, section 3327, as amended, and section 3328. The terms of this Act are embodied substantially in Ordinance No. 708. It requires neither argument nor citation of authorities to show that these provisions are utterly inconsistent with the Commission Form of Government Act.

The continuance in force of ordinances enacted prior to the change in the form of government was merely to avoid the necessity of re-enacting the great mass of ordinances covering the police and executive regulations of the business of the city. But wherever the ordinances then in force were violative of the Commission Form of Government Act, or inconsistent with the provisions of that Act when construed pursuant to its purposes, they are to be no longer in force. It was not necessary for the commission to repeal Ordinance No. 708 because that ordinance became inoperative in so far as it is sought to construe it as governing the officers especially provided for in section 19 of the Commission Form of Government Act. We therefore submit that the lower court erred in holding that the city council did not have power to remove the chief of the fire department except after charges preferred and trial had.

It was contended in the court below that this court had decided the question here involved in several cases which have recently been before this court, involving the right of removal of officers and members of the fire or police departments. Counsel cited the cases of *State ex rel. McDonald* v. *Getchell,* 51 Mont. 323, 340, 125 Pac. 480, and *State ex rel. Lease* v. *Wilkinson,* 55 Mont. 340, 177 Pac. 401; on second hearing, 59 Mont. 327, 196 Pac. 878. Neither of these cases involved the rights of an officer under a commission form of government. He also cited *State ex rel. Griffiths.* v. *City of Butte,* 57 Mont. 368, 188 Pac. 367. But this also has no application

because not involving a consideration of the powers of city commissioners.

*Mr. Edward Horsky,* for Respondent, submitted a brief and argued the cause orally.

The mode of removal of fire chiefs and firemen, embodied in the Metropolitan Firemen's Law (sec. 3325 *et seq.,* Rev. Codes) still obtains under the "commission form," just as the mode of removal of police chiefs and policemen contained in the Metropolitan Police Law (secs. 3304–3317) now obtain in cities under the commission form, as has been held by our supreme court. (*State ex rel. Lease* v. *Wilkinson,* 59 Mont. 327, 196 Pac. 878; *State ex rel. Lease* v. *Wilkinson,* 55 Mont. 340, 177 Pac. 401; *State ex rel. McDonald* v. *Getchell,* 51 Mont. 323, 152 Pac. 480.)

Counsel attempt to maintain that because section 35 of the Commission Form of Government Act "repeals all laws and parts of laws in conflict with it," therefore in cities which have adopted the commission form of government, the chief of the fire department becomes removable at the pleasure of the council. But as the commission form of government does not prescribe the mode whereby a fire chief shall be removed, and the existing statutes specifically prescribe such mode, there is no conflict or inconsistency, and the two must be read together; and though the power of removal is granted, yet the mode being prescribed in another portion of the statutes, it must be pursued.

Not only is there no inconsistency, as to the mode of removal, between the commission form statute of 1911 and the Metropolitan Fire Department statute theretofore enacted, but such construction, as a matter of substantive law, in construing municipal powers, is and has been logically and consistently sustained by this court upon two other fundamental, elementary principles relative to construing municipal statutes, namely:

(a) When a power is conferred upon a municipal corporation, and the mode in which it is to be exercised is prescribed,

such mode must be pursued; and this is true not only as to the limitations (mode) if there be any, in the Act itself, but to the express and implied limitations found elsewhere in this title. (*Carlson* v. *City of Helena,* 39 Mont. 82, 109, 17 Ann. Cas. 1233, 102 Pac. 39; *Shapard* v. *City of Missoula,* 49 Mont. 269, 270, 141 Pac. 544 (under commission form); *Stadler* v. *City of Helena,* 46 Mont. 128, 139, 127 Pac. 454, 458.)

(b) Where there is one statute granting an express power, upon a municipality, and another statute with a like power, but also containing the method of exercising such power, and the powers themselves so expressly conferred are not inconsistent, the later statute does not repeal the earlier, but both remain in force, and the mode prescribed in the statute which does contain the mode of exercise must be pursued in exercising the power so granted in both statutes. (*Shapard* v. *City of Missoula,* 49 Mont. 269, 274, 275, 141 Pac. 544.)

So in the case at bar, the general power (under the commission form) conferred upon the council to remove the fire chief is in no way inconsistent with the mode of removal prescribed under the Metropolitan Fire Department Law.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from a judgment of the district court of Lewis and Clark county entered in a *mandamus* proceeding instituted by the plaintiff to compel the city council of Helena to reinstate him as chief of the fire department of the city of Helena.

Upon the filing and presentation of plaintiff's affidavit to the court, an alternative writ was issued, which the defendants moved to quash. This motion was denied, the defendants refused to plead further, and, their default having been duly entered, evidence was introduced by the plaintiff in support of his application. Judgment was entered September 1, 1921, against the city of Helena in favor of the plaintiff for the sum of $2,450 and costs, with interest thereon, together with $500 allowed for attorney's fees, and awarding to the plaintiff a

peremptory writ of ·mandate commanding and requiring the defendants forthwith to reinstate the plaintiff in his office, position, place, and right as chief of the fire department of the city of Helena, and all duties, privileges and emoluments of such office, position or place. From the plaintiff's application for the writ it appears that the city of Helena, at all of the times mentioned, was, and now is, a municipal corporation organized and existing under the laws of the state, having a population of over 10,000 and less than 25,000, being a city of the first class.

Prior to July, 1915, the city was conducted by an aldermanic form of government; the mayor being elected by the electors of the entire city and the aldermen by those of the several wards. In July, 1915, the commission form of government, authorized by state law, was adopted, and ever since then the affairs of the city have been governed and controlled by a city council composed of three councilmen, consisting of the mayor and two others.

The plaintiff is a citizen of the United States and a resident qualified elector of the city of Helena. In August, 1897, he was appointed to serve as an active paid "call" fireman (sometimes designated "volunteer fireman") in the fire department of the city, and thereafter served in that capacity until the sixteenth day of May, 1904, when he was appointed a regularly paid fireman and served as such until May 7, 1906, on which latter date the mayor, with the advice and consent of the city council, duly and regularly appointed him for a probationary ·term of six months as a fireman, and thereafter, on March 23, 1908, after the expiration of such probationary period, the mayor nominated, and with the consent of the city council, under the then existing aldermanic form of government, duly appointed, the plaintiff a member of the fire department and the chief thereof, to hold during good behavior and while possessed of the physical ability to perform his duties, all in accordance with the statutes of the state and the ordinances of the city in force and effect. On the first Monday

in May, 1918, under the commission form of government, the city council reappointed the plaintiff as chief of the fire department, so that continuously from the seventh day of May, 1906, until the nineteenth day of July, 1920, he was the duly appointed, qualified, and acting chief of such department; the latter date being that on which the city council removed, or attempted to remove, him from his position as such chief, and it appears that no successor has been appointed to succeed him in such position. On the nineteenth day of July, 1920, a motion was, by the city council, adopted removing the plaintiff as chief of the fire department, and a copy thereof duly served on him by the city clerk, which motion reads as follows: "I move that, whereas the city council deems it to the best interests of the fire department of the city that there be a reorganization of the department, and that a change be made in the office of chief of the fire department, therefore, be it resolved, that Thomas J. Daly be, and he is hereby removed from the office of chief of the fire department, effective as of this date, and that he be restored to the roll of members of the fire department."

Prior to February 21, 1921, no charges of any kind had ever been brought or preferred against the plaintiff as a member or chief of the fire department, and on that date a motion was made and adopted by the city council, which is set forth at length in the notice thereof directed to and served upon the plaintiff, reading as follows:

"Helena, Montana, February 21, 1921.

"Mr. Thos. J. Daly,

"Helena, Montana.

"Dear Sir: At a meeting of the city council held on the above date the following motion was adopted:

"I move that Thos. J. Daly be notified that he has been suspended as a member of the Helena fire department of the city of Helena, for neglect of duty in failing to report for service at any time since his removal as chief of said fire department, occurring on July 19, 1920; such action being taken

by authority of paragraph 'C' of section 25 of the Commission Form of Government Act, and that the city clerk be directed to notify Mr. Daly of the above action.

"Yours very truly,

"V. N. KESSLER, City Clerk."

After receipt of such notice, on February 25, 1921, the plaintiff duly filed with the city council his notice of appeal from the order suspending him. The charges against the plaintiff were not presented at the next meeting of the city council after the meeting at which such suspension order was made, nor at any other time, nor at all, and no hearing has ever been had on the plaintiff's appeal. The plaintiff labors under no physical disability, has protested against his attempted removal as fire chief, and has at all times been willing and in readiness to perform his duties as a member and chief of the fire department. Appended to plaintiff's affidavit and as a part thereof is a copy of Ordinance No. 708 of the city of Helena, passed and adopted February 17, 1908, which has ever since its enactment been in full force and effect, except only as modified by Ordinance No. 1013, increasing the salaries of the chief and other members of the fire department.

This appeal presents but a single question decisive of the controversy, *viz.:* What is the proper mode of procedure for [1] the removal of the chief of the fire department of the city of Helena under the statutes of the state and the ordinances of the city?

As to the propriety of the dual form of judgment entered in this case, we express no opinion, as no question is raised by the parties with respect thereto.

Section 3326 of the Revised Codes of 1907 provides that the city council of cities and towns shall have power to establish a fire department and to prescribe and regulate its duties. Section 3328 reads as follows: "The mayor may suspend the chief and assistant or any fireman of the fire department for neglect of duty or a violation of any of the rules and regulations of the fire department; the chief of the

fire department may suspend the assistant chief of the fire department or any fireman and the assistant chief of the fire department may suspend any fireman for a like cause. In all cases of suspension the person suspended must be furnished with a copy of the charges against him in writing, setting forth reasons for the suspension and such charges must be presented to the next meeting of the council and a hearing had thereon, when the suspended member of the fire department may appear in person or by counsel and make his defense to said charges; if such charges are found proven by the council, the council by a vote of a majority of the whole council, may impose such penalty as it shall determine the offense warrants, either in the continuation of the suspension for a time limited, or in the removal of the suspended person from the fire department; should the charges be not presented to the next meeting of the council after the suspension, or should the charges be found not proven by the council, the suspended person shall be reinstated and be entitled to his usual compensation for the time so suspended." These sections of our statute were adopted by the sixth legislative assembly in 1899 (page 73), and will herein for convenience be referred to as the "Firemen's Act." On comparison it has been found that Ordinance No. 708 of the city of Helena, passed and approved February 17, 1908, was drawn wholly with reference to these statutes; sections 1, 2 and 3 thereof being expressly authorized by section 3326 and 3327 of the Revised Codes, and section 4, providing for the suspension and removal of the chief of the fire department and firemen, being almost an exact reproduction of section 3328, Revised Codes. Both under the statute (sec. 3328), and the ordinance (sec. 4), if unaffected by the adoption by the city of the commission form of government, the mayor may suspend the chief of the fire department for neglect of duty or violation of any of the rules or regulations of the fire department. In such case the person suspended must be furnished with a written copy of the charges against him, setting forth the reasons for his suspension, and such charges must be

presented at the next meeting of the city council, and a hearing had thereon.

However, it is urged by counsel for the defendants that by the adoption of the commission form of government by the city of Helena, the Firemen's Act and Ordinance No. 708 became inoperative as respects the removal or suspension of the chief of the fire department. The law authorizing the commission form of government for cities was adopted by the twelfth legislative assembly, and appears as Chapter 57, Laws of 1911. The provisions thereof applicable to the question under discussion are the following:

Section 8 provides in part: "All laws governing cities of the first, second and third classes and not inconsistent with the provisions of this Act, shall apply to and govern cities organized under this Act. All by-laws, ordinances and resolutions lawfully passed and in force in any such city under its former organization shall remain in force until altered or repealed by the council elected under the provisions of this Act." Section 9 provides that in every city of the first class, having a population less than 25,000, there shall be a mayor and two councilmen. Section 15 reads: "Every city shall be governed by a mayor and councilmen, as provided in section 9 of this Act, each of whom shall have the right to vote on all questions coming before the council." Section 19 provides in part: " * * * The council shall at its first regular meeting after the election of its members, or as soon thereafter as practicable, elect by majority vote the following officers: A city clerk, * * * ," *etc.*, "and such other officers and assistants as shall * * * be necessary to the proper and efficient conduct of the affairs of the city. * * * Any officer or assistant, elected or appointed by the council, may be removed from office at any time by a majority vote of the members of the council, except as otherwise provided in this Act." And subdivision (C) of section 25 is as follows: "All persons subject to such civil service examination shall be subject to removal from office or employment by the council for misconduct or failure to per-

form their duties under such rules and regulations as it may adopt, and the chief of police, chief of the fire department or any superintendent, or foremen in charge, of municipal work may peremptorily suspend or discharge any subordinate then under his direction for neglect of duty or disobedience of his orders, but shall, within twenty-four hours thereafter, report such suspension or discharge, and the reason therefor, to the superintendent of his department, who shall thereupon affirm or revoke such discharge or suspension, according to the facts. Such employee (or the officer discharging or suspending him) may, within five days of such ruling, appeal therefrom to the council, which shall fully hear and determine the matter.".

The Metropolitan Police Law (secs. 3304 to 3317, inclusive, Rev. Codes) is quite similar, in its provisions relating to the appointment, suspension and discharge of the chief of police and of members of the police force, to the provisions of the Firemen's Act, as respects the chief and members of the city fire department. As to policemen, this court has held that the mode of their suspension or removal prescribed by the Metropolitan Police Law obtains under the commission form of government as forcibly as under the aldermanic form. (*State ex rel. McDonald* v. *Getchell,* 51 Mont. 323, 152 Pac. 480; *State ex rel. Lease* v. *Wilkinson,* 55 Mont. 340, 177 Pac. 401; *State ex rel. Lease* v. *Wilkinson,* 59 Mont. 327, 196 Pac. 878.) These decisions are proper in their interpretation of the application of the Metropolitan Police Law, and are equally applicable to members of the fire department under the Firemen's Act; but in no case has this court been called upon to differentiate between members of the police or fire department and the chiefs thereof in cities operating under the commission form of government. We think there is a clear distinction to be drawn between members and chief of such departments. Both the Firemen's Act and City Ordinance No. 708 provide for the appointment by the mayor, with the advice and consent of the city council, of the fire chief, assistant chief, and firemen, during good behavior and while possessed of the physical ability

to perform their duties, while the Commission Form of Government Act makes different provision as regards the chief of the fire department. Members are unaffected, and as to them the provisions of the general law are applicable, as indicated by the decisions of this court above cited.

"It is a familiar rule of construction that, when a power is conferred upon a municipal corporation, and the mode in which it is to exercise it is prescribed, such mode must be pursued. 20 Am. & Eng. Ency. of Law, 2d ed., 1142." (McGillic v. Corby, 37 Mont. 249, 17 L. R. A. (n. s.) 1263, 95 Pac. 1063.)

When a power is conferred upon a municipal corporation [2] and the mode in which it is to be exercised is prescribed by the statute or an independent Act, such procedural method must be followed. (Carlson v. City of Helena, 39 Mont. 82, 17 Ann. Cas. 1233, 102 Pac. 39; Shapard v. City of Missoula, 49 Mont. 269, 270, 141 Pac. 544; Stadler v. City of Helena; 46 Mont. 128, 139, 127 Pac. 454, 458.)

In the last case cited, the court quoted with approval from [3] 36 Cyc. 1151, as follows: " 'Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute.' (36 Cyc. 1151.) "

Section 19 of the Commission Form of Government Act provides, as shown, that the city council shall, by a majority vote, elect certain enumerated officers, including the chief of the fire department. No tenure of office is prescribed, and the appointee may at any time be removed by a majority vote of the members of the council. No qualifications for the position are mentioned, nor are there any civil service requirements. The city council may elect any person to the position of chief, without restriction other than as to his citizenship. Section 8

of the Commission Form of Government Act provides that the general laws not inconsistent shall be applicable in cities having adopted such Act, and that ordinances lawfully passed shall remain in force until altered or repealed, but since the subject of the appointment and removal of the chief of the fire department is specially provided for by the Commission Form of Government Act in a manner different than that required by the general law and the ordinances, the latter must both be held repugnant to the extent of the conflict. A new and different method is provided under the Commission Form of Government Act, respecting the appointment and removal of fire chiefs, and its provisions upon this subject are exclusive.

From a careful consideration of the language employed it [4] appears that the legislature intended to make the office purely a political one. So that the city council of Helena was legally possessed of the power to remove the plaintiff from his office as chief of the fire department at the time it made its first order of July 19, 1920, and by virtue thereof he was removed. It had no obligation to restore him to the roll of members of the fire department, but, having done so, from that date he was entitled to all of the safeguards afforded to him as such member, under the provisions of the Firemen's Act and City Ordinance No. 708. Were he suspended as such member by the mayor under the provisions of the Firemen's Act, he would be entitled to a hearing in person or by counsel at the next meeting of the city council, and, if not accorded such hearing, would automatically be reinstated and entitled to his usual compensation during the period of his suspension. He could also be suspended as a member of the fire department under the authority of the Commission Form of Government Act—subdivision (C) of section 25—as it merely provides another procedural remedy not inconsistent with the general law. Having been suspended with express reference to this statute, he was entitled to have his appeal heard and acted upon. His appeal was timely made from the order of February 21, 1921, suspending him as a member of the fire

department, and, since he was denied a hearing thereon, the order suspending him was of no effect. He is still a member of the fire department of the city of Helena, and will continue on the rolls as such member until regularly suspended or discharged. To accomplish his suspension or discharge the law must be substantially complied with. Since the order suspending plaintiff became automatically vacated by reason of failure to hear his appeal, there was no reason for the issuance of a peremptory writ of mandate.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Holloway concur.

Rehearing denied January 16, 1922.