WALDEN, APPELLANT, v. BITTER ROOT IRRIGATION DISTRICT ET AL., RESPONDENTS.

(No. 5,332.)

(Submitted June 21, 1923.   Decided July 13, 1923.)

[217 Pac. 646.]

*Injunction—Irrigation Districts—Bonds—Validity—Collateral Attack—Apportionment of Assessments—Taxation—Constitution.*

Irrigation Districts—Creation—Failure to Appeal—Collateral Attack.
  1.  Where plaintiff had not appealed from an order establishing an irrigation district, his action to enjoin a sale of its bonds on the ground that the order was void for failure to give accurate descriptions of the lands included in it was in the nature of a collateral attack maintainable only if the invalidity of the order on that ground appeared from its face.

Same—Description of Lands—Decree—Sufficiency—Surplusage.
  2.  Where in an order establishing an irrigation district the descriptions of the lands included in it were sufficient under section 7169, Revised Codes of 1921, the fact that the court went further and made a tabulation under various headings, such as "Gross Area," "Area Included," etc., did not render the order void, such matter having been surplusage which may properly be disregarded under the statutory maxim that "superfluity does not vitiate."

Same—Apportionment of Assessments Primarily Matter for Legislative Determination.
  3.  The method of apportionment of assessments for local improvements, such as the establishment of irrigation districts, is a matter primarily to be determined by the legislative assembly.

[68 Mont. 281.]

Same—Apportionment of Assessments—Statutory Methods not Unreasonable nor Arbitrary.

4. *Held,* that the apportionment of assessments for administrative expenses, maintenance, repairs, *etc.,* of an irrigation district on the basis of the irrigable area in each tract of land of forty acres or less, prescribed by section 7235, Revised Codes of 1921, is neither unreasonable nor arbitrary, in view of the fact that that method has had the benefit of long experience in other states and the consensus of opinion is that no fairer method has been devised.

Same—Taxation—Constitutional Provisions not Applicable to Special Improvements.

5. Section 1 of Article XII of the Constitution and section 11 of the same Article, providing for a uniform rate of taxation, and that taxes shall be levied and collected for public purposes only, relate to taxation for governmental purposes and have no reference to assessments for special improvements such as contemplated by the creation of an irrigation district.

Same—Issuance of Bonds—General Statutes not Applicable.

6. *Held,* that Chapter 28, Laws of 1923, providing that the state, municipal corporations or districts in issuing bonds shall give preference to amortization bonds and accept serial bonds only when the former cannot be negotiated to good advantage, is inapplicable to the issuance of irrigation district bonds, and that the provisions of the irrigation law (secs. 7210–7212 and 7214, Rev. Codes 1921), dealing with the subject specially, are controlling.

Same—Appeal and Error—Appellant not Entitled to Complain for Parties not Themselves Complaining.

7. Where parties whose lands were included in an irrigation district after an order providing for the issuance of bonds made no complaint on the ground that they had no opportunity to object to the order, appellant will not be heard on appeal to make complaint for them.

*Appeal from District Court, Ravalli County; James M. Self, Judge.*

ACTION by G. N. Walden against the Bitter Root Irrigation District and others to enjoin the sale of bonds. From a judgment for defendants plaintiff appeals. Affirmed.

*Mr. H. C. Packer,* for Appellant, submitted a brief and argued the cause orally.

The boundaries of the land set out in the decree under the caption "area included" not being defined, it is impossible to tell what particular part of each tract or subdivision it is intended to include, and it is impossible to determine from the decree the territorial boundaries of the district, and the decree is void for indefiniteness. De-

scriptions in a decree are required to be at least as definite as those required in a deed. (*German Sav. & Loan Soc.* v. *Ramish*, 138 Cal. 120, 60 Pac. 89; *Central Irr. Dist.* v. *De Lappe*, 79 Cal. 351, 21 Pac. 825.)

Even though it may be contended that the language used in the decree was intended to limit and define the irrigable area of each tract or subdivision, and not to limit or define the territorial limits of the district, and that the decree is ambiguous in this respect, is this ambiguity so patent as to permit of explanation? Unless the decree, taken as a whole, discloses patent ambiguity, it is too late now to explain away the plain import of the language used, and the plaintiff maintains that such ambiguity is in nowise apparent. (*Gaffney Mercantile Co.* v. *Hopkins*, 21 Mont. 13, 52 Pac. 561.) A void decree, or judgment, is subject to collateral attack. (*Crawford* v. *Pierse*, 56 Mont. 371, 375, 185 Pac. 315.)

An irrigation district in Montana is a public corporation, and is a form of governmental subdivision. As such, the legislature has delegated to it the power to levy taxes for its support and maintenance. The manner of levying taxes is set forth in sections 7232 and 7235 of the Revised Codes of 1921. The method therein provided is a form of taxation where the tax is levied on the irrigable acreage, but the assessments are made a lien upon the whole tract of which the irrigable portion is a part. The nature of a tax of this character has been the subject of a vast volume of legal discussion, and courts have resorted to the keenest analysis of the fundamental principles of social and governmental interdependence to sustain a levy so made, and there are a number of respectable authorities who have refused to follow them. They have sustained them on the ground of public health and sanitation, as in the case of *Hagar* v. *Yolo County*, 47 Cal. 222, 233; *Mayor and Aldermen* v.

*Maberry,* 6 Humph. (Tenn.) 368, 44 Am. Dec. 315. But that principle has no analogy in the case of an irrigation district.

Plaintiff further maintains that the form of bonds proposed to be issued and sold does not comply with the provisions of Chapter 38 of the Laws of Montana for 1923, which provides that all political subdivisions of the state or other taxing units having the power to issue bonds shall give preference to amortization bonds, and to accept serial bonds (as proposed herein) only when amortization bonds cannot be ' negotiated to good advantage. The form of bond proposed to be issued herein is a serial bond, and no showing is made which would bring it within the exception of section 1, Chapter 38, above cited.

*Messrs. O'Hara, Madeen & Carmody,* for Respondents, submitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

The land in question is described throughout the decree by lot and block number, or by governmental subdivisions or by metes and bounds. In *Central Irr. Dist.* v. *De Lappe,* 79 Cal. 351, 21 Pac. 825, it is said that a description that would be good in a deed is sufficient, and we submit that the descriptions of the land in this decree are sufficient for a deed, and that if the descriptions appearing in this decree were written in a deed and any question came up as to the number of acres conveyed, that the description by lot and block number, governmental subdivision or by metes and bounds would be controlling factors and the number of acres alleged to have been conveyed would be disregarded. In support of this we cite: *Baldwin* v. *Temple,* 101 Cal. 396, 35 Pac. 1008; *De Arguello* v. *Greer,* 26 Cal. 615; *Stanley* v. *Green,* 12 Cal. 148; *White* v. *Gay,* 9 N. H. 126, 31 Am. Dec. 224; *Dashiel* v. *Harshman,* 113 Iowa, 283, 85 N. W. 85;

*Armstrong* v. *Brownfield,* 32 Kan. 116, 4 Pac. 185; *Hyde* v. *Phillips,* 61 Wash. 314, 112 Pac. 257. There is no doubt in our minds that the purpose in setting forth the acreage following the description of the lands was to designate the irrigable acreage within the several tracts included in the district.

Appellant stresses the invalidity of the tax levy for the payments of interest and principal of the bonds and argues that the charge against the whole of a tract for benefits of a portion is in violation of the Constitution. That a tax of the nature here contemplated does not come within the inhibition of the Constitution has been set at rest in this state in the case of *Billings Sugar Co.* v. *Fish,* 40 Mont. 256, 279, 135 Am. St. Rep. 642, 20 Ann. Cas. 264, 26 L. R. A. (n. s.) 973, 106 Pac. 565. (See, also, *Houck* v. *Little River Drainage Dist.,* 239 U. S. 254, 60 L. Ed. 266, 36 Sup. Ct. Rep. 58 [see, also, Rose's U. S. Notes]; *Northern Pac. R. Co.* v. *John Day Irr. Dist.,* 106 Or. 140, 211 Pac. 781; *City of Denver* v. *Knowles,* 17 Colo. 204, 17 L. R. A. 135, 30 Pac. 1041; *Scott County* v. *Hinds,* 50 Minn. 204, 52 N. W. 523; *City of Atchison* v. *Price,* 45 Kan. 296, 25 Pac. 605; *Anderson* v. *City of Ocola,* 67 Fla. 204, 52 L. R. A. (n. s.) 287, 64 South. 775.)

"In the absence of allegation and proof of fraud, no question as to the legality or regularity of any proceeding in connection with the organization of an irrigation district or the issue of its bonds can be raised, except upon appeal as provided by the law itself." (*O'Neill* v. *Yellowstone Irr. Dist.,* 44 Mont. 492, 121 Pac. 283; see, also, *Rialto Irr. Dist.* v. *Brandon,* 103 Cal. 384, 37 Pac. 484; *Miller* v. *Perris Irr. Dist.,* 85 Fed. 693; *Knowles* v. *New Sweden Irr. Dist.,* 16 Idaho, 235, 101 Pac. 87, 91; *In re Walker River Irr. Dist.,* 44 Nev. 327, 195 Pac. 327; *In re Gallatin Irr. Dist.,* 48 Mont. 60, 140 Pac. 92; *Herrett* v. *Warmsprings Irr. Dist.,* 86 Or. 343, 168 Pac. 609.)

*Mr. Wm. Scallon, Mr. Jos. R. Wine, Mr. T. B. Weir, Mr. A. W. O'Rourke* and *Mr. Hugh T. Carter, Amici Curiae,* submitted a brief; *Mr. Scallon* argued the cause orally.

Constitutionality of method of apportionment of assessment by the irrigable area and validity of lien: See *Northern Pac. Ry. Co.* v. *John Day Irr. Dist.,* 106 Or. 140, 211 Pac. 781; *McMillan* v. *City of Butte,* 30 Mont. 220, 76 Pac. 203; *Houck* v. *Little River Drainage Dist.,* 239 U. S. 254, 60 L. Ed. 266, 36 Sup. Ct. Rep. 58 [see, also, Rose's U. S. Notes]. The whole of a tract may be subjected to assessments for irrigation works in irrigation districts and for drainage systems in drainage and reclamation districts. (*Wight* v. *McGuigan,* 94 Neb. 358, 143 N. W. 232; *Reclamation Dist.* v. *Hershey,* 160 Cal. 692, 117 Pac. 904; *Reclamation Dist.* v. *Blackmer,* 159 Cal. 801, 113 Pac. 174; *Reclamation Dist.* v. *Birks,* 159 Cal. 233, 113 Pac. 170; *Nemaha Valley Drain Dist.* v. *Higgins,* 90 Neb. 513, 134 N. W. 185; *Drake* v. *Schoenstedt,* 149 Ind. 90, 48 N. E. 629; *Cache River Drain Dist.* v. *Chicago etc. R. Co.,* 255 Ill. 398, 99 N. E. 635.) It seems evident, if the assessment may be based on the whole acreage, the lien may be imposed on the whole acreage, even though the assessment itself is apportioned on an acreage less than the whole, for this is a lesser burden. As the greater burden may be upset, so may the lesser.

Validity of bonds: See *State ex rel. Clancy* v. *Columbia Irr. Dist.,* 121 Wash. 79; 208 Pac. 27; *Stevens* v. *Melville,* 52 Utah, 524, 175 Pac. 602.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This action was brought by the plaintiff, a resident of Ravalli county and a land owner within the Bitter Root irrigation district, in behalf of himself and all others similarly situated to enjoin the sale of $1,140,000 worth of coupon bonds of the district, $145,000 of which have been advertised

for sale and will be sold unless injunction issue. Demurrer to the complaint was sustained, and judgment entered for defendants. Plaintiff appeals.

To avoid prolixity it may be said that the controversy is divided into three parts, presenting the following questions: (1) Whether the court's order establishing the district is void for failure to give accurate descriptions of the lands included within the district as required by section 7169, Revised Codes of 1921; (2) whether the statute imposing a tax upon the entire acreage of each tract, based upon the proportion thereof to be irrigated, is constitutional; (3) whether the bonds proposed to be issued are in conformity with the law.

Two minor questions will be mentioned later.

1. The court made its order establishing the district on [1] December 9, 1920. It then included 13,202 acres. Upon proper petition presented the court on July 7, 1921, made an order annexing 6,991.20 acres to the district, and on June 24, 1922, the court, upon petition, made another order annexing 681 acres thereto. So far as this record discloses, neither the plaintiff nor anyone else interested in this controversy appealed from either of these orders. Plaintiff's action, therefore, is in the nature of a collateral attack, and unless the order creating the district is void upon its face by reason of uncertainty in description the plaintiff must fail upon that score. (*O'Neill* v. *Yellowstone Irr. Dist.*, 44 Mont. 492, 121 Pac. 283.)

In the first order this appears: "That the lands included [2] in the original petition, less a deduction of seven and one-half per cent, agreed to be not benefited by irrigation, shall be included in the district." By reason of this language it is urged that uncertainty is cast into the order; but in view of what precedes and follows the quoted language, this sentence is ineffectual for any purpose and must be disregarded as meaningless.

After making the necessary findings and allowing the petition, the court ordered: "That the irrigation district known as the Bitter Root irrigation district be and the same is hereby established; that the lands contained and included within said district and which will be benefited by irrigation by means of said system are described as follows, to-wit. * * * ''

The descriptions embraced in the order consist of a large number of parcels of land. Some are parts of Hamilton Heights, Summerdale Orchards, Mountain View Orchards and the like, and are referred to by lot and block "according to the official plat thereof on file and of record in the office of the county clerk" of the county; other lands are described by metes and bounds, and others by legal subdivisions, forty acres or less. Each and all of the descriptions are sufficient to identify the particular tract of land involved; indeed, thus far the descriptions are accurate. But following the description of each lot or parcel there is additional matter, the whole being in tabulated form. For instance:

| Lot. | Block. | Gross Area. | Area Included |
|---|---|---|---|
| 3 | 1 | 14.82 | 11.80 |
| 4 | 1 | 14.80 | 12.40 |

Others appear thus: After setting forth "that part of the northeast quarter of the northeast quarter lying under canal" (section, *etc.*, given later in description), there appears under "Gross Area" the figures "15.40," and under "Area Included" the figures "15.40." In other words, in one case the "Gross Area" is the same as the "Area Included"; in another, "Area Included" is less than "Gross Area."

As illustrative of the probable meaning of the phrase "Gross Area" and "Area Included" we find in the second order descriptions of lots and parcels tabulated substantially as are those in the first order, but the phrases are "Gross Acres" and "Irrig. Acres."

An analysis of all the things done as shown by this record leads to the conclusion that "Area Included" must have been intended to mean "Area Irrigable," or else it does not

mean anything. But if it means that it serves no useful purpose. The court did not have any authority to fix the amount of the irrigable area in the respective tracts in the original order, which was made under the provisions of section 2 of Chapter 116 of the Session Laws of 1919, now section 7169, Revised Codes of 1921. Under the provisions of that section, which has to do with the hearing on the petition, the court, if it finds that the statutory requirements have been met up to that time, shall make and enter an order: Setting forth its finding and allowing the petition; establishing the proposed district; giving accurate descriptions of the lands included within the proposed district; dividing the proposed district into three, five or seven divisions, as may be advisable in view of the size of the district; appointing as commissioners one competent person for each division of the district; "such finding and order shall be conclusive upon all the owners of lands within the district that they have assented to and accepted the provisions of this Act; and shall be final unless appealed from to the supreme court within sixty days from the day of entry of such order."

It is provided in the fore part of the section that: "The court may make such changes in the proposed district as may be deemed advisable, or as fact, right and justice may require; but shall not exclude from such proposed district any land which is susceptible of irrigation from the same general source, and by the same general system of works applicable to the other lands of such proposed district, if the owner or owners of such lands shall file in such district court a written request that such lands be included in such district; nor shall any lands which will not, in the judgment of the court, be benefited by irrigation by means of said system of works, nor shall lands already under · irrigation, nor lands having water rights appurtenant thereto, nor lands that can be irrigated from sources more feasible than the district system, be included within such proposed district, unless the

owner of such lands shall consent in writing to the inclusion of such lands in the proposed district, as hereinafter provided, and to this end the court may subdivide lands included within the petition or proposed at the hearing to be included within such district into forty-acre tracts or smaller subdivisions thereof. * * * ''

It is plain that when the parcels of land have been reduced into forty-acre tracts or smaller subdivisions thereof, or are already in the form of lots, being parts of blocks (less than forty acres), the statute does not contemplate that the court may scale them still further by arbitrarily excluding portions thereof. But it is fair to say that no such attempt appears to have been made by the court. A critical examination of the order discloses beyond a doubt that the court intended to and did include within the district all of the lots and parcels of land described. It was unnecessary to have made any mention of the gross area, because, as is above adverted to, the descriptions were sufficient without stating the acreage included within each. To be sure, mention of the acreage is permissible by inference drawn from the language of section 7190, Revised Codes of 1921.

The amount of irrigable areas in the respective tracts is fixed by the commissioners by authority of section 7235. If they see fit, they may ask the court for an order confirming their action, by the provisions of that section. (It is true that by the provisions of sections 7190 to 7194, inclusive, the court may fix irrigable acreages upon the petition of the individual land owner or land owners, but these sections do not have any application to the instant case.)

Thus it follows that the words ''Area Included'' and the figures appearing thereunder have no proper place in the order, are nugatory, and consequently must and will be disregarded. ''Superfluity does not vitiate.'' (Sec. 8766, Rev. Codes 1921.)

2. By the provisions of section 7235: ''On or before the [3, 4] second Monday in July each year the board of com-

missioners of each irrigation district in this state shall ascertain the total amount required to be raised in that year for the general administrative expenses of the district, including costs and maintenance and repair and interest on and the principal of the outstanding bonded or other indebtedness of the district, * * * and shall levy against each forty-acre tract, or fractional forty-acre tract of land in the district (or where lands shall be owned and held in twenty-acre tracts or less, then against each such tract), that portion of the said amount so to be raised which the irrigable area of such tract bears to the total area of all of the irrigable lands in the district. But the tax thus determined by the irrigable area of each such tract shall become a lien upon the entire tract of land of which such irrigable area forms a part, and attaches thereto as of the first Monday of March of that year." (Provisions amendatory and supplementary to section 7235 are found in Chapter 157, section 19, Laws of 1923.)

Thus the apportionment of the assessment is on the basis of the irrigable area in each tract, the unit tract being forty acres or less. Montana being a semi-arid state, its people are greatly interested in whatever tends to the development of its arid lands by supplying water thereto. That irrigation of one portion of a tract of arid land benefits and consequently increases the value of the remainder. like truth, needs no demonstration. This method of apportionment has had the benefit of long experience in other states and it is the consensus of opinion that no fairer method has been devised. It cannot be said that the unit selected as a basis, forty acres or less, is unreasonable or in anywise arbitrary.

Respecting local improvements, the method of apportionment of assessments primarily is to be determined by legislative authority. (*McMillan* v. *City of Butte*, 30 Mont. 220, 76 Pac. 203.)

But appellant insists that the method provided is in contra-
[5]   vention of section 11 of Article XII of Montana's Constitution, which declares: "Taxes shall be levied and collected

by general laws and for public purposes only. They shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax''; and of section 1 of the same Article, which declares in part: ''The necessary revenue for the support and maintenance of the state shall be provided by the legislative assembly, which shall levy a uniform rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property. * * * '' There is no merit in this contention. These provisions of the Constitution relate only to taxation for governmental purposes. They do not imply any such narrow construction as operates to restrict the development of the natural resources of the state through what have become known as improvement districts, the basic plan of which is to benefit the whole by the improvement of a part. In other words, the restrictions contained in those sections have no relation to special assessments for benefits to property. This general subject was under discussion in *Billings Sugar Co.* v. *Fish*, 40 Mont. 256, 135 Am. St. Rep. 642, 20 Ann. Cas. 264, 26 L. R. A. (n. s.) 973, 106 Pac. 565, in which the present holding with reference to irrigation districts was clearly foreshadowed. The decision in that case is in point here. (See, also, *Houck* v. *Little River Drainage Dist.*, 239 U. S. 254, 60 L. Ed. 266, 36 Sup. Ct. Rep. 58 [see, also, Rose's U. S. Notes]; *Northern Pac. Ry. Co.* v. *John Day Irr. Dist.*, 106 Or. 140, 211 Pac. 781; *City of Denver* v. *Knowles*, 17 Colo. 204, 17 L. R. A. 135, 30 Pac. 1041.)

3. Appellant also contends that the form of bonds proposed to be issued and sold does not comply with [6] Chapter 38, Laws of 1923, approved February 28, 1923, which provides that the state and all political subdivisions of the state and other taxing units having the power of issuing bonds shall give preference to amortization bonds, and accept serial bonds only when amortization bonds cannot be

negotiated to good advantage. Neither is there any merit in this contention.

Defendants are proceeding under Chapter 34, Part IV, of the Civil Code, sections 7208 to 7231, inclusive (which for brevity's sake we shall call the Irrigation Law), and specifically under sections 7210, 7211, 7212 and 7214.

Chapter 38, as its title and subject matter show, is a general statute on the subject to which it relates. The provisions of the Irrigation Law respecting the issuance and sale of bonds are special. This court has held hitherto that: "Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent to any necessary repugnancy between them, the special will prevail over the general statute." (*Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454; *Reagan* v. *Boyd,* 59 Mont. 453, 197 Pac. 832.)

A comparison in detail of the two statutes will not be useful. Suffice it to say that in some respects their provisions are antipodal. The provisions of Chapter 38 cannot be reconciled with the Irrigation Law respecting the issuance of bonds; they are wholly inapplicable thereto. A comparison of the two Acts will show that if it should be held that Chapter 38 repealed the provisions of the Irrigation Law respecting the sale and issuance of bonds, it will be impossible for irrigation districts to issue bonds until the legislature shall provide still further and additional methods for the purpose. The legislature by enacting Chapter 38 did not intend to nor did it bring any such condition to pass. On the contrary, by enacting Chapter 157, Laws of 1923, approved March 12, 1923, it amended the Irrigation Law, and specifically sections 7210, 7212 and 7214, thus leaving no doubt as to its intent on the subject.

4. It is urged by appellant that the tax provided to pay principal and interest on the bonds is insufficient on its face. Upon the record, however, this contention may not be maintained.

Another objection is that as the 681 acres were included [7] within the district after the court made its order providing for the issuance of the bonds, the owners of that land have not had an opportunity to object to the bond order. But the owners of the 681 acres do not appear to be complaining; the action of the appellant in taking up the cudgel in their behalf is merely gratuitous. It does not concern him, and upon this feature of the case he will not be heard.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.