PETERSON, RESPONDENT, *v.* GRANITE COUNTY, APPELLANT.

(No. 5,891.)

(Submitted April 8, 1926. Decided April 21, 1926.)

[245 Pac. 946.]

*Taxation—Livestock Brought into County for Winter Feeding —Assessable in Home County.*

1. Under the proviso in section 2069, Revised Codes of 1921, livestock moved from one county within the state to a neighboring county for winter feeding and not for the purpose of running at large or grazing in the latter county, is assessable in its home county and not in the county in which the feeding is done; the provisions of section 2070 relating to migratory stock having no application to animals falling within the proviso in the former section.

---

[1]   Taxation, 37 **Cyc.**, p. 953, n. 72.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

ACTION by Paul Peterson, Jr., against Granite County. Judgment for plaintiff, and defendant appeals. Affirmed.

*Mr. D. M. Durfee,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. E. M. Keeley,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff brought this action to recover from the defendant Granite county the sum of $292, and interest and costs on account of money paid to defendant under protest as taxes upon certain sheep.

The plaintiff is and for many years last past has been a resident of Powell county, owning farming and grazing land and sheep therein. At all times Powell has been the home county of plaintiff and his sheep.

On or about October 30, 1924, plaintiff removed the sheep from Powell county to Granite county for the purpose of feed· ing them during the winter months. Except while the sheep were in transit from plaintiff's home in Powell county to the place of feeding in Granite county and during all the time they remained in Granite county, after they reached the feeding ground on or about the date aforesaid, the sheep were kept in feeding pens and other inclosures in Granite county, and were in the immediate possession and custody of plaintiff and his agents and employees. The sheep never ran at large in Granite county. The plaintiff did not and does not own or possess any land in that county. Plaintiff did not, within fifteen days after the sheep entered Granite county, nor at all, deliver to the assessor of Granite county "any written statement as provided by law showing the different kinds of livestock within Granite county belonging to him or under his charge, showing marks and brands and showing the time during the current year" that such livestock would be in Granite county, nor did the plaintiff at any time between the thirtieth day of October, 1924, and the eighth day of April, 1925, deliver to the assessor of Granite county any notice of any kind whatsoever.

On March 10, 1925, the assessor of Granite county demanded of plaintiff that he list the sheep for the purpose of taxation for the year 1925 in Granite county, and when the plaintiff did not comply with the demand the assessor made an arbitrary assessment against the sheep on March 23, 1925, and filed the

same with the county treasurer of Granite county for immediate collection. However, on March 11, 1925, plaintiff listed the sheep with the assessor of Powell county for the purpose of taxation, who on that day notified in writing the assessor of Granite county that plaintiff's sheep were in Granite county, that the home county of the sheep was Powell, and the kind and number thereof. On March 24, 1925, the county treasurer of Granite county gave written notice to plaintiff that taxes upon the sheep for the year 1925 in the sum of $292 were due and payable to him as such treasurer; and the treasurer, assessor and sheriff of Granite county, for the purpose of levying the taxes upon the sheep and collecting the same, restrained the plaintiff from removing the sheep from Granite county until the taxes in the amount of $292 were paid by the plaintiff, and the plaintiff in order to retain possession of his sheep and to remove them from Granite county to his home in Powell county was compelled to pay the amount to the treasurer of Granite county and did so, under protest, on April 8, 1925.

The foregoing is from the agreed statement of facts which was entered into after the issues in the cause had been made up by the pleadings. The court entered judgment for the plaintiff, from which the defendant has appealed.

The county authorities of Granite county seem to have [1] thought the rules which are applicable to migratory livestock applied to plaintiff's sheep. This was an erroneous view. These sheep which never ran at large in Granite county but were only in that county for the purpose of winter feeding, were not assessable in Granite, but in their home county, Powell, by the express provisions of section 2069, Revised Codes of 1921. The latter portion of that section, the proviso, says that "the tax on all livestock fed in feeding pens or other inclosures in any county or counties other than the home county of such livestock" shall be "paid in full to the county treasurer of the home county of such livestock."

The forerunner of section 2069, Revised Codes of 1921, was section 1 of Chapter 125 of the 1909 Session Laws. Section 2070 was section 2 of that Chapter. Section 1 was amended

radically in 1921 (sec. 1, Chap. 177, Laws 1921) and as amended became section 2069, while section 2 became 2070 without change. When these two sections are read together as they must be (and if there be any conflict the provisions of 2069 are controlling) it will be seen that the requirement of 2070 to the effect that whenever livestock is removed from its home county to another county to be pastured, ranged or grazed the owner thereof or the person in charge, or his agent, shall within fifteen days from the time any such stock enters such other county, deliver to the assessor of such county, and to the assessor of the home county, a written statement under oath, similar in all respects as far as practicable, to the statement required at the time of the assessment, refers only to what is termed migratory livestock. The only purpose of the required statement is to enable the assessors of the respective counties to apportion the taxes equitably as contemplated by section 2069. Section 2070 has no application whatever to livestock which comes within the proviso above quoted, as do plaintiff's sheep. The statutes are clear upon this point. The conclusion here reached is in complete harmony with *Flowerree Cattle Co.* v. *Lewis and Clark County*, 33 Mont. 32, 8 Ann. Cas. 674, 81 Pac. 398.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.