WILLIAMS, RESPONDENT, v. HARVEY, COUNTY TREASURER, et al., APPELLANTS.

(No. 6,861.)

(Submitted December 4, 1931. Decided December 30, 1931.)

[6 Pac. (2d) 418.]

*Mr. L. A. Foot,* Attorney General, *Mr. L. V. Ketter,* Assistant Attorney General, and *Mr. H. O. Vralsted,* County Attorney of Judith Basin County, for Appellants.

*Mr. W. C. Husband* and *Mr. Frank Woody,* for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment by default, entered in favor of plaintiff and against the defendants after defendants' general and special demurrer to the amended complaint was overruled.

The determinative question presented is whether the complaint states facts sufficient to constitute a cause of action.

The following facts appear from the amended complaint: Plaintiff owns certain inclosed lands in Judith Basin county

customarily used by him a short period each summer on which to feed sheep. He also owns land in Wheatland county on which he maintains his residence. On the first Monday in March, 1927, he owned 1,600 head of sheep, then kept in Wheatland county. The sheep were assessed for the year 1927 by the officers of Wheatland county upon a statement furnished by plaintiff to the assessor listing the sheep in question. The taxes were timely paid by plaintiff in that county. Plaintiff had no personal property in Judith Basin county on the first day in March, 1927, but between the 10th of July and the 5th of September of that year he summer-fed his band of sheep on the Judith Basin county lands. At some time after July 10 the assessor of Judith Basin county assessed the sheep at a value of $17,500, but plaintiff received no notice of the assessment until in November, when he received his tax notice.

On November 28 plaintiff through his attorney requested the county treasurer of Judith Basin county to furnish a statement of the amount of the tax on his land in that county and of the amount of taxes on the personalty in order that he might pay the latter under protest. He then offered to pay all of the first installment provided the personal property tax be considered as paid under protest. The county treasurer refused to make the segregation, and notified plaintiff that, if the entire amount of the tax was paid before December 8, the payment would be considered current and not delinquent. On December 7 plaintiff paid under protest the first half of the taxes on the land and sheep, $149.12 of which was for the tax on the sheep. On December 24 plaintiff filed with the board of county commissioners written application for the refund of this amount. No action having been taken by the board on the application, this suit was instituted within sixty days after the taxes were paid but more than sixty days after November 30, 1927.

Counsel for defendants make no contention that the sheep were properly taxable in Judith Basin county. Their argument is that, in order for a taxpayer to avail himself of the right to pay his taxes under protest and sue for their recov-

ery under Chapter 142, Laws of 1925, they must be paid before becoming delinquent, and that the law, section 1, Chapter 96, Laws of 1923, fixes the date of delinquency which cannot be waived by the county officers, and that in consequence the payment of the tax by plaintiff after the time had elapsed within which he had the right to pay it under protest must be held to be a voluntary payment.

Whether this contention would be sustained where, as here, the failure to pay the tax before delinquency was due to the county treasurer's refusal to make the segregation of the personal property tax from the real estate tax, need not now be determined. Under the facts here, the property attempted to be taxed being tangible personal property situated on the first Monday in March in Wheatland county at the residence of the owner, the taxing officers of Judith Basin county were wholly without jurisdiction to levy an assessment against it. (*Peterson* v. *Granite County*, 76 Mont. 214, 245 Pac. 946.) The property had been regularly assessed in Wheatland county and the tax paid. The case falls squarely within the purview of section 2222, Revised Codes 1921, which provides: "Any taxes, per centum, and costs paid more than once or erroneously or illegally collected, may, by order of the board of county commissioners, be refunded by the county treasurer, and the state's portion of such tax, percentage, and costs must be refunded to the county, and the state auditor must draw his warrant therefor in favor of the county." We have held that this section has been repealed in so far as it relates to the right of recovery of taxes erroneously or illegally collected (*First Nat. Bank* v. *Sanders County*, 85 Mont. 450, 279 Pac. 247; *First Nat. Bank of Lima* v. *Beaverhead County*, 88 Mont. 577, 294 Pac. 956), and that the statutory remedies of injunction (sec. 2268), or payment under protest and suit to recover (secs. 2269, 2272), are exclusive.

But the question now before us is whether that portion of section 2222 which provides for the refund of taxes "paid more than once" has been repealed. The answer must be in the

negative. The sections which we held in the above cases worked a repeal of section 2222 for taxes erroneously or illegally collected make no mention of taxes "paid more than once." To the extent that section 2222 deals with taxes "paid more than once," it is a special statute unaffected by the general statutes repealing section 2222 in other respects. (See *Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454; *Reagan* v. *Boyd,* 59 Mont. 453, 197 Pac. 832; *State ex rel. Daly* v. *Dryburgh,* 62 Mont. 36, 203 Pac. 508; *Walden* v. *Bitter Root Irr. Dist.,* 68 Mont. 281, 217 Pac. 646; *Barth* v. *Ely,* 85 Mont. 310, 278 Pac. 1002; *Newton* v. *Weiler,* 87 Mont. 164, 286 Pac. 133; *In re Stevenson,* 87 Mont. 486, 289 Pac. 566.)

Since the board of county commissioners is alleged to have taken no action on the claim since its filing on December 24, 1927, until February 3, 1930, the date of the filing of the amended complaint, the remedy by court action was available to plaintiff. (*Otis* v. *City and County of San Francisco,* 170 Cal. 98, 148 Pac. 933.) The court properly overruled the demurrer to the amended complaint and correctly entered judgment for plaintiff for the amount of taxes paid by him to the treasurer of Judith Basin county.

The only remaining question presented is whether the court erred in awarding interest on the money paid from the date of payment.

By Chapter 142 of the Laws of 1925, when taxes paid under protest are permitted to be recovered, it is expressly provided that recovery shall be limited to the "tax, with costs of suit without interest." The words "without interest" apply to the tax as well as to the costs. (*Fulton Oil Co.* v. *Toole County,* 86 Mont. 367, 283 Pac. 769.) But since we have held that plaintiff's remedy under the facts alleged is under section 2222, and not under the protest statutes, Chapter 142 does not control under the facts of this case. True, plaintiff paid the asserted tax under protest, but the only effect of this was to avoid the imputation that the payment came as the result of voluntary action rather than as an exaction, to forestall the claim that it was not paid under compulsion, but was

prompted by motives of generosity seldom, if ever, exhibited by a taxpayer to the extent of insisting upon the privilege of paying his taxes more than once. Section 2222 is silent on the subject of interest. Under the facts here, when plaintiff paid the unlawful tax, the obligation of defendants to refund it was imposed by section 2222.

Under section 8663, Revised Codes 1921, it is provided: "In an action for the breach of an obligation not arising from contract * * * interest may be given, in the discretion of the jury." And where, as here, the issues were submitted to the court on default without the necessity of a jury, the court may by virtue of this section award interest.

The case of *State Tax Commission* v. *United Verde Extension Min. Co.*, (Ariz.) 4 Pac. (2d) 395, 398, while involving a claim for taxes paid under protest, contains language appropriate to the facts of this case. It was there said: "It is presumed that the sovereign state, in dealing with its citizens, intends to apply the same rules of abstract justice as it applies in actions between citizens. Certainly, it would be admitted to be both law and justice that, when A sues B to recover money wrongfully obtained, if he recover he is entitled, not merely to the principal sum paid, but also to interest from the date of payment. (*Arkadelphia Milling Co.* v. *St. Louis S. W. R. Co.*, 249 U. S. 134, 63 L. Ed. 517, 39 Sup. Ct. Rep. 237; 33 C. J. 203.) And in reason and logic, when the state compels one of its citizens under pain of forfeiting all rights of recovery, to pay in advance of suit a sum of money which it is afterwards adjudged was illegally demanded, the same principle of common justice would require that the state, to make the citizen whole, should repay not merely the sum illegally so obtained, but interest from the date the money was paid to it. Were this a case of a small taxpayer, who, in order to maintain his suit, was compelled to borrow money to pay the illegal tax, it would be recognized at a glance that full justice could only be done by repaying to him, not only the sum so paid, but interest thereon, and in principle no difference exists because the taxpayer in this case happens to be

a large corporation which presumably had in its treasury the funds to pay the tax. In view of the statute, and the general principles of justice which apply alike to rich and poor, we are of the opinion that the trial court should have awarded interest on the amount of taxes found to have been illegally collected from the date of payment." To the same general effect, where the statute like section 2222 is silent on the subject of interest, are *Byram* v. *Thurston County*, 141 Wash. 28, 251 Pac. 103, 252 Pac. 943; *Zimmerman* v. *Corson County*, 39 S. D. 167, 163 N. W. 711; *Chicago etc. Ry. Co.* v. *Mundt*, (S. D.) 229 N. W. 394; *Metropolitan Life Ins. Co.* v. *State*, 194 Ind. 657, 144 N. E. 420; *Erskine* v. *Van Arsdale*, 15 Wall. (U. S.) 75, 21 L. Ed. 63; *Redfield* v. *Bartels*, 139 U. S. 694, 35 L. Ed. 310, 11 Sup. Ct. Rep. 683.

The court did not err in allowing interest on the unlawful tax from the date of payment.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.