PETERSON ET AL., APPELLANTS, *v.* FUGLE ET AL., RESPONDENTS.

(No. 7,230.)

(Submitted April 2, 1934. Decided April 18, 1934.)

[31 Pac. (2d) 1030.]

538

*Mr. S. J. Rigney,* for Appellants, submitted a brief and argued the cause orally.

*Mr. E. K. Cheadle, Jr.,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On September 9, 1932, Christ Omsberg, chairman of the board of trustees of school district No. 25, in Glacier county, with H. O. Peterson and Ben Knapp, taxpayers of the district, brought suit against Donald Fugle and Phillip Schutte, as trustees of the district, to enjoin the issuance of any warrants for the payment of teacher's salary or any other expenses of conducting school in the district.

On the complaint filed, the court issued an order to show cause on October 19, 1932, why the injunction order should not issue, and including therein a temporary restraining order. This order, with a summons and copy of the complaint, was served upon the defendants, who failed to appear within the time allowed, and their default was entered. Thereafter the defendants filed a demurrer to the complaint and, later, a motion to set aside the default, supported by affidavits of Schutte and their counsel.

The hearing on the order to show cause was postponed from time to time and was finally called up in the latter part of November, at which time the court announced that the condition of the pleadings in the main action was not material, and that it would proceed with the hearing on the order. Some evidence was taken during the forenoon, but after the noon recess counsel announced that they had entered into a stipulation to the effect that the hearing should be postponed pending an effort to consolidate the district with Cut Bank district No. 15, and that the temporary restraining order should be relaxed to the extent of permitting the payment of the teacher's salary up to December 31, 1932.

The consolidation effort failed, and the hearing was resumed on May 31, 1933, at which time the court sustained the motion to set aside the default, overruled defendants' demurrer, ordered the defendants to answer forthwith and the plaintiffs to reply to the answer, and announced that the hearing would proceed "on the merits." No objection was interposed to this procedure. On the close of the hearing, the court took the matter under advisement, and, on July 31, 1933, made and filed its findings of fact and conclusions of law in favor of the defendants, vacated the temporary restraining order, and dismissed the proceeding, with costs to the defendants.

The plaintiffs have appealed from the judgment, and here contend that the court erred in setting aside the default on the showing made; in requiring the plaintiffs to reply immediately to the answer filed and to proceed to trial; in the admission of certain testimony; in entering the judgment; and, finally, in allowing mileage to Miss Graven, over their objection to the memorandum of costs.

On the setting aside of the default, the grounds urged by counsel for the defendants are very weak. Counsel merely affirms that he was not retained until October 12, when he was handed the papers, including the summons, but "was under the impression" that the summons had only been served a few days previous and "did not deem it necessary to make immediate appearance," and did not deem it necessary to appear

until the date set for the hearing on the order to show cause, which was October 19. The default was entered on October 15.

In passing on the motion, the court called attention to the peculiar nature of the suit, and that the only relief sought was the injunction which was called up by the order to show cause, which should be heard on its merits. The court stated that, while there must be an appearance by complaint, met by answer, counsel for the defendants "became rather involved in the technicalities of this case, and his failure to plead or demur was excusable." The matter was within the sound discretion of the court, and in the circumstances we cannot say that there was an abuse of discretion, particularly in view of the fact, hereinafter shown, that the complaint does not state a cause of action.

As above noted, no objection or exception was taken to the court's action in requiring the plaintiffs to reply and proceed to trial, and, if error was committed, it was waived.

At the outset the defendants objected to the introduction of any evidence on the ground that the complaint was insufficient; the court did not pass upon the objection, but proceeded to hear all testimony offered. The objection was well taken. An injunction may be granted on the complaint alone, but this cannot be done unless "the material allegations of the complaint, setting forth the grounds therefor, be made positively and not upon information and belief." (Sec. 9244, Rev. Codes 1921.)

In such an action as this, section 1205, Revised Codes 1921, provides a plain, speedy and adequate remedy in case funds are illegally expended, by authorizing a taxpayer's suit against the consenting trustees for restitution, and therefore injunction does not lie to restrain the payment of an illegal claim unless the assenting trustees are insolvent, in which event the complaint must allege their insolvency. (*State ex rel. Stephens* v. *Zuck*, 67 Mont. 324, 215 Pac. 806.)

The only allegations of the complaint on this subject are that the plaintiffs "allege and believe that the defendants

would be unable to reimburse the district," and "that the property of the defendants * * * so far as these plaintiffs are able to learn, is exempt as both defendants are heads of families and the said defendants could not be forced or required to make restitution." These allegations fall far short of alleging that the defendants were insolvent. If the plaintiffs desired an injunction, it was their duty to investigate and ascertain whether or not the defendants were "insolvent," and, if found to be so, to allege the fact in positive terms. It is insufficient to allege mere expressions of opinion or belief. (*Sherman* v. *Clark*, 4 Nev. 138, 97 Am. Dec. 516.) The plaintiffs give no reason for their belief that the defendants would not be able to reimburse the district, nor any intimation as to the extent of their property alleged to be "exempt."

As the court should have sustained defendants' demurrer to the complaint, or their objection to the introduction of any evidence, we need not pass on the correctness of the court's ruling in receiving in evidence the record of the board "correcting" the minutes of July 20, long after this suit was instituted, or on the validity of the teacher's contract. However, for the guidance of the parties, it may be noted that the teacher has been paid for the period during which school was maintained, and, apparently, voluntarily gave up her position because of the lack of pupils. Further, the record does not disclose that Miss Graven had, prior to the execution of the contract, made or filed her oath of office, as required by Chapter 19, Laws of 1931, which declares that "no such contract shall be entered into, or be effective, unless such oath shall have been filed." (Sec. 1.) As the parties stipulated and thus agreed to the payment of all the salary the teacher was entitled to in any event, the court might well have dismissed the proceeding on the ground that the question presented had become moot.

In view of what has just been said, the court's conclusion of law that the teacher's contract "is in all respects valid and legal and binding upon the board" is not sustained by the evidence. The court did not find that the teacher was entitled to compen-

sation after January 1, 1933, nor would the evidence warrant such a finding.

As the court reached the correct conclusion, it is immaterial ▮ that the reasons therefor are not correct, and the judgment must be affirmed.

On motion to retax costs, the defendants contended, and ▮ here contend, that Miss Graven was not entitled to mileage to and from her home in Bonner, as she was not subpoenaed as a witness and had been in Cut Bank for some time prior to the trial or hearing, and further that she appeared in another case and received witness fees on the same day.

On a hearing on the motion it appears that the hearing was set originally for May 17th, and that Miss Graven came to Cut Bank on the 15th, but that the hearing was continued from time to time until finally disposed of on May 31; that Miss Graven remained for the hearing, paying her board during the period, and departed two days after the hearing. Miss Graven was called as a witness on a disputed question of fact.

In the absence of a showing of bad faith on the part of the prevailing party in calling a witness, the trial court's action in allowing the witness per diem and mileage will not be interfered with on appeal. (*Spaulding* v. *Maillet*, 57 Mont. 318, 188 Pac. 377.) The party to whom costs are awarded is entitled to mileage of witnesses who appear and testify irrespective of whether they were legally subpoenaed. (*McGlauflin* v. *Wormser*, 28 Mont. 177, 72 Pac. 428.)

Judgment affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.