STATE EX REL. STEPHENS, RESPONDENT, *v.* ZUCK ET AL.,
APPELLANTS.

(No. 5,155.)

(Submitted May 3, 1923.   Decided May 19, 1923.)

[215 Pac. 806.]

*Injunction — Taxpayer's Suit — Parties — Schools and School
Districts—Payment of Illegal Claim—Statutory Remedy—
Improper Issuance of Writ—Complaint—Insufficiency.*

Injunction—Schools and School Districts—Taxpayer's Suit—State not
Party—Improper Title.
1.  An action by a taxpayer of a school district to enjoin payment
of an alleged illegal claim against the district and prosecuted by
him individually is an ordinary civil action and therefore should
not be entitled "State *ex rel.*" the plaintiff.

Same—Writ Does not Lie, When.
2.  Where plaintiff has an action at law which will afford him a
plain, speedy and adequate remedy, a court of equity is without
jurisdiction to grant a writ of injunction.

Same—Complaint—Nonavailability of Remedy at Law—When Averment
a Conclusion.
3.  To state a cause of action for an injunction the complaint must
disclose the facts from which the court may draw the conclusion that
plaintiff has no plain, speedy and adequate remedy at law, the bare
statement that plaintiff has no such remedy being insufficient, it
being no more than the averment of a conclusion.

Same—Schools and School Districts—Payment of Illegal Claim—Statutory
Remedy—Complaint.
4.  Section 1205, Revised Codes of 1921, providing that where school
funds are illegally expended by authority of the board of trustees,
a taxpaying elector may bring suit against the members thereof
who consented to the payment, to make restitution for the benefit
of the district, affords the plaintiff a plain, speedy and ade-
quate remedy at law, and injunction does not lie to restrain pay-
ment of an alleged illegal claim, unless the trustees or those assent-
ing to payment are insolvent, in which event the complaint must
allege their insolvency.

*Appeal from District Court, Daniels County; C. E. Comer,
Judge.*

---

4.   Right of taxpayer to interfere with or direct acts of public officers,
see note in **Ann. Cas. 1913C**, 884.

Injunction by the State, on the relation of W. T. Stephens, against John Q. Zuck and another. Judgment for plaintiff and defendants appeal. Reversed and remanded.

*Messrs. Nyquist & Nyquist* and *Mr. Howard M. Lewis,* for Appellants, submitted a brief; *Mr. Lewis* argued the cause orally.

*Mr. George Cudhie,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 19, 1919, the board of trustees of school district No. 1 of Sheridan county employed John Q. Zuck to teach in the schools of that district for the term of nine months, commencing on September 1 following. Later, upon the creation of Daniels county, school district No. 1 of Sheridan county became school district No. 1 of Daniels county. On December 29, 1919, the contract of April 19 was abrogated by mutual consent and a new contract was entered into between the parties, under which Zuck was employed as superintendent of the public schools of the district for the term of eighteen months, beginning on January 1, 1920. On July 1, 1920, the board assumed to discharge Zuck and notified him of its action. On September 6, 1920, Zuck tendered his resignation and with it a bill for $528—the amount which would have been due him under his contract—with interest thereon. This bill the board refused to allow *in toto.* Later the personnel of the board was changed, and in May, 1921, the new board allowed Zuck's claim for $528 and issued to him two warrants aggregating that amount, drawn upon the county treasurer against the funds of the district. Thereupon this action was instituted by W. T. Stephens, a resident tax-paying elector of the district, to secure an injunction restraining the treasurer from paying the warrants. Zuck and the members of the board of trustees

were joined as defendants with the treasurer, but later the action was dismissed as to the trustees. A temporary injunction was issued, and after trial on the merits a permanent injunction was granted, and Zuck and the treasurer appealed from the judgment.

There is not any authority for entitling this action "State [1] *ex rel.* Stephens," *etc.* It is not a special proceeding but an ordinary civil action. It is not prosecuted by the state, but by an individual in his private capacity; however, as no point is made upon this informality it will be disregarded, and Stephens will be referred to as plaintiff and Zuck and the treasurer as defendants.

In the lower court a general demurrer was interposed to the complaint, which was overruled, and this ruling is assigned as one of the principal errors relied upon.

It is elementary that one may not go into a court of equity [2] and secure an injunction if he has an action at law which will afford him a plain, speedy and adequate remedy for the wrong of which he complains. In *Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46, this court announced the rule, approved by the authorities generally, as follows: "If plaintiffs had a plain, adequate and complete remedy at law, a court of equity should refuse to take jurisdiction; and, indeed, it would be without jurisdiction, for equity may act in those matters only in which no remedy is afforded in the ordinary course of law, or in which the remedy at law is deficient."

It is true that in the complaint it is alleged "that plaintiff [3] has no plain, speedy or adequate remedy at law," but this is merely the conclusion of the pleader. (*Eisenhauer* v. *Quinn,* 36 Mont. 368, 122 Am. St. Rep. 370, 14 L. R. A. (n. s.) 435, 93 Pac. 38.) Section 9129, Revised Codes of 1921, requires that the complaint contain "a statement of the facts constituting the cause of action," and to state a cause of action for an injunction it is indispensable that the complaint disclose the facts from which the conclusion can be drawn by the court that the plaintiff has no plain, speedy or adequate remedy at law. (14 R. C. L. 331; 22 Cyc. 928.)

Accepting plaintiff's theory and viewing the allegations of [4] his complaint in the light most favorable to his contention, they disclose nothing more than that the board of trustees in May, 1921, directed the expenditure of the moneys of the district for a purpose not authorized by law, and if the warrants are paid the funds of the district will be depleted to the extent of $528. That the facts disclosed by the complaint are insufficient to authorize the issuance of an injunction is manifest.

Section 1205, Revised Codes of 1921, provides: "If any school money shall be paid by authority of the board of trustees for any purpose not authorized by this chapter, the trustees consenting to such payment shall be liable to the district for the repayment of such sum, and a suit to recover the same may be brought by the county attorney, or if he shall refuse to bring the same, a suit may be brought by any taxpaying elector in the district." This is a special statute enacted by the legislature for the express purpose of protecting a school district against the unlawful dissipation of its funds. It declares in no uncertain terms that the trustees who consent to such unlawful use of the school moneys shall be required personally to make restitution in an action at law which may be prosecuted by any tax-paying elector in the district if the county attorney refuses to bring the action. It is a legislative declaration that the remedy provided is, *prima facie,* plain, speedy and adequate—a declaration which the courts must accept in the first instance.

In 1 High on Injunctions, fourth edition, section 29, the author says: "Where a positive statutory remedy exists for the redress of particular grievances, a court of equity will not interfere by injunction and assume jurisdiction of the question involved." The purpose of the action authorized is to make whole the funds of the district, but of course if the consenting trustees are all insolvent so that recovery may not be had, then it would follow necessarily that that remedy would not be adequate.

In order to state a cause of action for an injunction, in the presence of section 1205, it was necessary for plaintiff to allege that the trustees who consented to the issuance of these warrants are insolvent (2 Spelling on Extraordinary Relief, sec. 992), and there is not any such allegation in this complaint.

For the reasons assigned, the complaint does not state a cause of action for an injunction and will not support the judgment. In view of this conclusion it is not necessary to consider the other assignments.

The judgment is reversed and the cause is remanded to the district court, with directions to sustain the demurrer to the complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN ˙ and STARK concur.

Rehearing denied June 8, 1923.