STATE EX REL. GRANTIER, APPELLANT, *v.* WOODS, SHERIFF, RESPONDENT.

(No. 5,158.)

(Submitted May 2, 1923. Decided May 19, 1923.)

[215 Pac. 671.]

*Mandamus—Sheriffs—Refusal to Pay Over Money—Writ Improper Remedy.*

*Mandamus*—Writ Does not Lie, When.
  1. *Mandamus* never lies where there is a plain, speedy and adequate remedy in the ordinary course of law.
Same—Sheriffs—Refusal to Pay Over Money—Writ Improper Remedy.
  2. Since under section 4782, Revised Codes of 1921, a means is provided for compelling a sheriff to pay moneys which may have come into his hands by virtue of his office, to the person entitled thereto, *mandamus* does not lie to compel him to do so.

*Appeal from District Court, Fergus County; Rudolph Von Tobel, Judge.*

APPLICATION for *mandamus* by the State, on the relation of Bert G. Grantier, against William R. Woods, Jr., as Sheriff of Fergus County. From an order dismissing the application, relator appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Belden & De Kalb* and *Mr. B. W. Walker,* for Appellant.

*Mr. J. C. Huntoon,* for Respondent.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

In December, 1920, an action was pending in Fergus county, Montana, wherein the Farmers' Elevator Company sought to recover from L. R. Potter an amount claimed to be due from Potter to the elevator company. To secure the payment of the claim the elevator company caused certain personal property belonging to Potter to be attached. Shortly after the attachment, relator herein, Bert G. Grantier, notified the . sheriff of Fergus county, whose duty it was to, and who did, execute the writ of attachment, of a claim for wages due him from Potter in the amount of $175 for services rendered within sixty days preceding the levy of the writ of attachment. The officer to whom the notice of claim was given was succeeded by William R. Woods, Jr., the respondent herein, in January, 1921. In February, the elevator company, having secured a judgment, placed in the hands of the respondent an execution, and the attached property was thereafter sold; the proceeds of the sale coming to the hands of respondent. At no time after the giving of the notice of claim to respondent's predecessor was any notice of dispute of relator's claim given to anyone. Upon refusal of respondent to turn over the amount of his claim, relator instituted this proceeding, setting forth the facts, and asking for a peremptory writ of mandate to compel respondent to discharge the claim. Respondent appeared by a motion to quash, supported by affidavits showing that the elevator company had never had notice of relator's claim. On this motion the trial court dismissed the application for the writ. Relator thereupon appealed from the judgment of dismissal.

The question for determination is whether or not *mandamus* will lie on the facts stated. Respondent argues that there is not disclosed either a clear legal duty or a showing that in the ordinary course of law relator had no plain, speedy or adequate remedy. As to the first proposition, we are of the opinion that it is not well taken. Since, however, it is clear that *mandamus* will not lie on the facts, we refrain from discussing the existence of the legal duty which rested upon the respondent.

*Mandamus* never lies where there is a plain, speedy and [1, 2] adequate remedy in the ordinary course of law. (*State ex rel. Duggan* v. *District Court*, 65 Mont. 197, 210 Pac. 1062.) In the instant case, and indeed in all cases involving the neglect or refusal of a sheriff to pay over moneys to a person entitled thereto, the provisions of section 4782, Revised Codes of 1921, provide such a plain, speedy and adequate means of compelling the performance of such duty. The last-cited section is as follows: "If he neglects or refuses to pay over, on demand, to the person entitled thereto, any money which may come into his hands by virtue of his office (after deducting his legal fees), the amount thereof, with twenty-five per cent damages and interest at the rate of ten per cent per month from the time of demand, may be recovered by such person."

It was very strenuously argued by appellant that the case of *State ex rel. Johnson* v. *Collins*, 41 Mont. 526, 110 Pac. 526, was controlling on the question as to whether or not *mandamus* was the proper remedy. We feel that a portion of the language of the case of *State ex rel. Duggan* v. *District Court, supra,* is particularly appropriate here. There the court said, in speaking of section 4781, Revised Codes of 1921, which likewise deals with penalties for nonperformance of duties by sheriffs: "This statute not only furnishes a remedy, but is itself a legislative declaration that the remedy so provided is *prima facie* plain, speedy and adequate. This case is to be distinguished from one in which the applicant for

the writ is entitled to the possession of specific property. Under such circumstances it is held generally that the action for damages is not an adequate remedy. Typical cases of this * * * class are [citing cases] and *State ex rel. Johnson* v. *Collins,* 41 Mont. 526, 110 Pac. 526." There may be cases where a writ of mandate will issue to compel a sheriff to perform his duties. However, in this case, even more clearly than in the *Duggan Case,* the provisions of the Codes quoted above give the remedy which precludes the issuance of a writ.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

*Affirmed.*