FIRST NATIONAL BANK OF LIMA, Appellant, v. BEAVERHEAD COUNTY, Respondent.

(No. 6,680.)

(Submitted November 13, 1930. Decided December 30, 1930.)

[294 Pac. 956.]

*Mr. Frank Woody* and *Mr. C. A. Spaulding,* for Appellant, submitted a brief; *Mr. Woody* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Without protest, plaintiff paid the taxes assessed and levied against its bank shares for the years 1925, 1926 and 1927. Thereafter like taxes were declared to have been illegally levied and collected (*Montana Nat. Bank* v. *Yellowstone County*, 276 U. S. 499, 72 L. Ed. 873, 48 Sup. Ct. Rep. 331; *Commercial Nat. Bank* v. *Custer County*, 275 U. S. 502, 72 L. Ed. 395, 48 Sup. Ct. Rep. 155; s. c., 81 Mont. 505, 264 Pac. 121), whereupon plaintiff demanded of the defendant county refund under the provisions of section 2222, Revised Codes 1921, and, on denial thereof, filed complaint herein seeking recovery of the amounts so paid. The court sustained a demurrer to the complaint, and, on plaintiff's refusal to further plead, judgment was duly entered in favor of defendant. Plaintiff has appealed from the judgment.

On a similar record this court held section 2222 above, inapplicable, as the legal remedy provided in section 2269, Revised Codes 1921, with the equitable one recognized in section 2268, Id., are exclusive, while section 2222, in so far as in conflict with section 2269, must be considered repealed. (*First Nat. Bank of Plains* v. *Sanders County*, 85 Mont. 450, 279 Pac. 247.)

Conceding that this decision forecloses recovery, counsel for the plaintiff contends that it should be overruled on the authority of decisions from sister states. We have given careful consideration to the cited cases and reconsideration to the questions presented in the *Sanders County Case*, and, in view of the history of our enactments as reviewed in that decision, and the evils sought to be corrected by the enactment of section 2269 and kindred sections, we are satisfied that the *Sanders County* opinion correctly states the law of this state on the subject.

We cannot concede that our legislature, while providing a new method of procedure requiring definite and speedy action by one feeling himself aggrieved, intended to leave the

law in such a state that such a one could defeat the very purpose of the Act by merely failing to comply with its provisions.

On the authority of *First Nat. Bank* v. *Sanders County,* above, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.

Rehearing denied January 20, 1931.