INTERNATIONAL BUSINESS MACHINE CORPORATION, APPELLANT, *v.* LEWIS AND CLARK COUNTY ET AL., RESPONDENTS.

(No. 8,144.)

(Submitted November 14, 1940. Decided January 31, 1941.)

[112 Pac. (2d) 477.]

*Mr. Frank Woody, Mr. Wellington D. Rankin, Mr. Arthur P. Acher* and *Messrs. Toomey, McFarland & Chapman,* for Appellant, submitted a brief; *Mr. Rankin* and *Mr. E. G. Toomey* argued the cause orally.

*Mr. Harold K. Anderson,* County Attorney of Lewis and Clark County, and *Mr. Ralph J. Anderson,* Counsel for the State Board of Equalization, for Respondents, submitted a brief; *Mr. Ralph J. Anderson* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an action to recover taxes paid under protest. The plaintiff, as the owner of certain personal property in Lewis and Clark county, Montana, made return thereof for taxation

purposes for the year 1939, fixing the total value at $10,387.96. The county assessor increased the valuation to $20,657, and gave plaintiff notice of the change within the time and in the manner provided by statute. Plaintiff appealed to the county board of equalization, praying that the valuation be reduced to that originally fixed in its return. The appeal was denied and plaintiff appealed to the State Board of Equalization. That board allowed a reduction of $173, fixing the full and true value of the property at $20,484, and directed that the county records be amended to conform to the valuation as thus · revised. The plaintiff paid the taxes amounting to $618.81 on the valuation fixed as indicated, but paid $304.88 of the amount under protest, and brought this action to recover the protested portion.

A general demurrer to the complaint was overruled. The answer admits that the appeal to the county board was duly and timely made and likewise the appeal to the state board. When the action came on for hearing in the trial court, counsel for the state board, after a jury was drawn and the first witness was called, objected to the introduction of any evidence on the general ground that the complaint did not state a cause of action. After arguments, the court sustained the objection and directed that the defendants have judgment and that the action be dismissed. The plaintiff elected to stand upon the complaint and appealed from the judgment of dismissal.

Three specifications of error are assigned, but plaintiff admits that the action turns upon whether the complaint states a cause of action, and counsel for both parties agree that the sufficiency of the complaint depends upon the construction to be placed upon section 2270, Revised Codes. We think that whether the complaint states a cause of action or not depends upon whether the complaint alleges any arbitrary, fraudulent or other illegal action on the part of the state board.

Counsel for the plaintiff contend in effect that, after the county and State Board of Equalization have, in regular order, reviewed the valuation placed upon property by the assessor, if the taxpayer does not obtain the relief he seeks he

may bring an action by virtue of the provisions of sections 2269 and 2270, Revised Codes, and have the valuation fixed by a jury in accordance with the provisions of those sections.

The state board in a hearing on appeal from the county board acts in a quasi-judicial capacity, and the presumption obtains that its findings were justified by the evidence taken at the hearing. (*State ex rel. Schoonover* v. *Stewart,* 89 Mont. 257, 267, 297 Pac. 476.)

As a general rule, the discretionary power vested in public boards or officers cannot be reviewed by the courts. This does not mean that an aggrieved taxpayer is precluded from showing fraud or other unlawful acts or proceedings by public boards and officers when such acts are properly pleaded. In the case at bar it is alleged that the assessor arbitrarily increased the valuation as returned by the plaintiff. The valuation fixed by the assessor was reviewed by the county board at the instance of the plaintiff and no change was made. On appeal to the state board a small reduction in the valuation was made, as heretofore mentioned. Obviously the matter was regularly reviewed by the state board. There is no allegation that the state board proceeded arbitrarily, fraudulently, or that a wrong method of assessment was employed, or that the alleged over-valuation placed upon the property "was so gross in error as to be inconsistent with any exercise of honest judgment." (*Johnson* v. *Johnson,* 92 Mont. 512, 15 Pac. (2d) 842.) We do not think that the alleged arbitrary assessment made by the assessor can be imputed to the state board. It is from the decision of the state board that the plaintiff has appealed, and the pleadings of the plaintiff must allege prejudicial acts by that board. Plaintiff's assumed right of appeal is not grounded on any improper or unlawful act alleged to have been done by the state board, but is demanded as an absolute right to which plaintiff is entitled in any event, and as a matter of course, such as a litigant has who appeals from the decision of a district court to the supreme court.

In *Johnson* v. *Johnson,* supra, it was said: "On appeal from the decision of the county authorities, the State Board of

Equalization acts in a quasi-judicial capacity, and, as the law does not provide for an appeal from its decision, its order is final and conclusive. (*State ex rel. Schoonover* v. *Stewart,* above.) This declaration, however, presupposes regularity of action and the application of honest judgment on the part of the board. The courts will, in certain instances, protect the taxpayer by means of the writ of certiorari or injunction, when he has exhausted the remedy afforded by appeal to the taxing authorities. (Citing *Belknap Realty Co.* v. *Simineo,* 67 Mont. 359, 215 Pac. 659, and other cases.) In such a proceeding the court will not substitute its judgment for that of the taxing officials and, consequently, a mere overvaluation, honestly made, will not be disturbed; relief will only be granted on proof that the taxing officers have pursued a wrong method of assessment or have acted fraudulently or maliciously, or where error or mistake 'so gross as to be inconsistent with any exercise of honest judgment' is shown. [Citing three Montana cases.]

"The aggrieved taxpayer is entitled to his day in court where he may show just what was before the board or what it might legally consider as affecting the assessment challenged, *provided his complaint alleges facts which, if established, would entitle him to any part of the relief sought.* * * * Mere overvaluation of the property, if shown, is not enough to overthrow the order of the board. As stated in *Danforth* v. *Livingston,* above, 'The value of property is a matter of opinion. Absolute accuracy cannot always be attained. Courts cannot be called upon, in every instance, to settle differences of opinion in this regard between the assessing officer and the property owner. Otherwise courts would be converted into assessing boards, and * * * would usurp the powers lodged elsewhere.' "

The complaint in this action does not measure up to the requirements of the above case in that no unlawful or arbitrary act is charged to the state board. In fact the plaintiff contends in effect that it has an inherent right of appeal without any such allegations.

In *State ex rel. Schoonover* v. *Stewart,* supra, it was said: "As the supreme court of California said in *Birch* v. *Orange County,* 186 Cal. 736, 200 Pac. 647: 'The decision of a taxing board as to the value of property and the fairness of an assessment constitutes a judgment of a tribunal created by law for the determination of that question, which cannot be avoided unless the board has proceeded arbitrarily, and in wilful disregard of law, with the evident purpose of imposing unequal burdens on certain of the taxpayers, or unless there is some thing equivalent to fraud in their action.' "

In *State* v. *State Board of Equalization,* 56 Mont. 413, 448, 185 Pac. 708, it was said: "As we have previously pointed out, we find nothing in the statute which attempts to direct the State Board of Equalization as to the method to be pursued in arriving at the actual values of the property of the corporation, whether inside or outside of the state, and we may not lay down a rule to control their discretion in that respect. The board is an agency created by the Constitution with certain well-defined powers, discretionary in character, * * * In so far as the means to be adopted by them in arriving at values are concerned, we may not interfere. Those matters are within the discretion of the board, and so long as they are not guilty of fraud, and do not adopt a fundamentally wrong principle of assessment, we cannot interpose, or substitute our judgment for theirs."

Citations from other jurisdictions are of little value here by reason of the widely differing constitutional and statutory provisions of the different states.

The whole tenor of section 15 of Article XII of our Constitution, and of Chapter 3 of the Laws of 1923, made pursuant thereto, leads to the conclusion that an aggrieved taxpayer may resort to the courts for relief only when the state board, after review, has proceeded in its review in an arbitrary or fraudulent manner, employed a fundamentally wrong principle of assessment or wrong method of arriving at the valuation of the property, or its valuation was so grossly in error as to be inconsistent with any exercise of honest judgment,

and when relief is sought in the courts for any of these grievances, if injury be not predicated thereon in the complaint, such complaint does not state a cause of action. The complaint before us was defective in not containing these essentials, and the trial court was not in error in dismissing the action.

In addition to what we have already said in this opinion, it appears to us that section 2270, Revised Codes, conflicts with Article IV of the Constitution.

In construing that Article, this court in *Fulmer* v. *Board of Railroad Commissioners,* 96 Mont. 22, 28 Pac. (2d) 849, in reviewing certain acts of the board said:

"The contentions involved bring us to a consideration of one of the great fundamental principles of American government—the division of powers between the three co-ordinate departments, legislative, executive and judicial. The provisions of the Constitution of the United States classifying and declaring the powers of each department of government were subjects of much debate and profound consideration by the Constitution framers. The solution of the matter as contained in the first three Articles of the Constitution was so fundamental, so wise and so practical that the states of the Union, and many governments elsewhere, have recognized and adopted them. Article IV of our own Constitution is just as emphatic and more direct than is the Federal Constitution. Whereas the Constitution of the United States carefully enumerates and classifies the powers of the different departments, without a direct expression (*State ex rel. State Publishing Co.* v. *Smith,* 23 Mont. 44, 57 Pac. 449, 451), the Montana provision is both direct and emphatic, as witness the language: 'The powers of the government of this state are divided into three distinct departments: The legislative, executive, and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted.' (Art. IV, sec. 1.) * * *

"From the beginning of statehood, the theory of independent departments of state has been a fruitful source of judicial in-

vestigation and declaration, but always the judicial department has refused to coerce or restrain either of the other departments so long as it was acting within its proper sphere and regularly in accordance with lawful authority. The courts have carefully refrained from interfering with the essential prerogatives of the legislative department. In speaking of the right of each house of the legislative assembly to judge the qualifications of its own members, this court said: 'Its decision, right or wrong, is conclusive upon us.' (*State ex rel. Ford* v. *Cutts*, 53 Mont. 300, 163 Pac. 470.)

"Times without number the aid of the courts has been sought to compel the discretion of state officers and boards but always unsuccessfully. In speaking of the powers of the Governor as chief executive of the state, the court said: 'While the supreme executive power of this state is vested in the Governor, * * * he is forbidden to exercise any legislative function except that granted to him expressly by the * * * Constitution.' (*Mills* v. *Porter*, 69 Mont. 325, 222 Pac. 428, 430, 35 A. L. R. 592.) Speaking of the powers of the State Board of Land Commissioners, this court said: 'Since it is vested with discretionary power in that behalf, and since its discretion is invoked whenever it is called upon to confirm or reject a sale, this court cannot compel it to exercise that discretion in any particular way.' (*State ex rel. Gravely* v. *Stewart*, 48 Mont. 347, 137 Pac. 854, 855.) In the consideration of acts of the State Board of Equalization, this court said, ' "Courts cannot be called upon, in every instance, to settle differences of opinion * * * between the assessing officers and the property owner. Otherwise, courts would be converted into assessing boards, and, in assuming to act as such, would usurp the powers lodged elsewhere by the lawmaking branch of the government." Where a board has acted within the law, even though the result reached is clearly unjust and erroneous, mandamus will not be granted unless bad faith or dereliction of the official clearly appears. * * * Nor can the court inquire as to the operation of the minds of the taxing officials in fixing values.' (*State* v. *State Board of Equalization*, 56

Mont. 413, 185 Pac. 708, 186 Pac. 697; see, also, *State ex rel. Snidow* v. *State Board of Equalization,* 93 Mont. 19, 17 Pac. (2d) 68.) In the last-cited case this court used language of unmistakable intent and specifically adhered to the rule so long recognized in this state. (See, also, *State ex rel. Schoonover* v. *Stewart,* 89 Mont. 257, 297 Pac. 476.)

"While innumerable cases might be cited to illustrate the theory of the division of powers and the right of an officer or board of the state to proceed in an exclusive manner with relation to the duties and powers lawfully imposed, we think that this court in the case of *State* v. *Smith,* supra, expressed views particularly applicable here. There it said: 'The ultimate purpose was, by this system of counterchecks, to secure economy and prevent favoritism. It is not for us to say whether the provision is a wise one or not. * * * '" (See, also, *Silven* v. *Board of County Commissioners,* 76 Kan. 687, 92 Pac. 604, 14 Ann. Cas. 163, 13 L. R. A. (n. s.) 716; 16 C. J. S.—Constitutional Law—sec. 139; 12 C. J. 855; 61 C. J. 81; 26 R. C. L. 29.)

We find plaintiff's contentions to be without merit on two grounds: First, the complaint does not state a cause of action in that it does not allege any unlawful act on the part of the State Board, and, second, the statute upon which the action is grounded, section 2270, Revised Codes, is in conflict with Article IV of the Constitution in that that section attempts to impose upon the judiciary governmental functions in fact finding matters that properly belong to another department of the state government.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN and ERICKSON concur.

On Motion for Rehearing.

(Filed April 18, 1941.)

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On motion for rehearing plaintiff takes the position that it should be given the right to amend its complaint should it choose to do so, so as to allege facts sufficient to constitute a cause of action under the views announced by the court in its opinion. Defendants, in objecting to the rehearing, seek to ██ have the opinion clarified in one particular. They contend that the broad language used in the opinion might be construed as holding that section 2270, Revised Codes, is unconstitutional in its entirety. We did not intend that the opinion should have this far-reaching effect. For the sake of clarity, we now state that section 2270 is declared invalid only to the extent that it purports to authorize the district court to act as an assessing tribunal. That was the only question presented to us by plaintiff's complaint in the form in which it is now drawn. Since plaintiff desires, however, to have the right to amend its complaint to show arbitrary action on the part of the assessing boards, we think it should be given that right within a reasonable time to be fixed by the trial court. The opinion heretofore promulgated is modified as above indicated. Since the trial court was correct in its decision on all points of law involved, and since we are merely reversing the judgment of dismissal to allow appellant the right to amend its complaint—a point not raised in the trial court—appellant will be taxed with the costs of this appeal.

MR. CHIEF JUSTICE JOHNSON and MR. JUSTICE ERICKSON concur.

MR. JUSTICE MORRIS, Dissenting:

I am opposed to a rehearing in this case. The opinion should be modified by merely holding section 2270 invalid only so far

as it provides for appeal from a decision of the State Board, after hearing, to the district court for a trial by that court sitting with a jury. To authorize such a trial would be to review an act done by the State Board in the exercise of its discretionary power, and that has never been done by this court in its history. I wrote the original opinion holding section 2270 invalid to the extent here mentioned, and only consented to hold the section invalid in its entirety out of deference to the opinion of my associates to the contrary who opposed limiting the holding on validity. A rehearing to correct that error is not necessary.

To remand an action to the district court to permit a plain-tiff to amend his pleadings to state a cause of action is an innovation in this court's powers of review. It has always been my belief that we could review only such questions brought in issue in the trial court, and further that the right to permit amendments after one amendment is made as provided by section 9186, Revised Codes, is a matter that rests entirely within the discretion of the trial court. If this court is ever authorized to permit amendments, or remand a case to permit an amendment to pleadings, where the plaintiff, as here, when the court refused to hear any evidence on the ground that the complaint did not state a cause of action, refused to plead further and appealed, I have never heard of it and have been unable to find any authority in the statutes or rules of court or judicial decisions. This is a court empowered to review judgments of lower courts on the issues made and determined by such courts. It is not our function to remand actions to trial courts and point out what a litigant shall plead when the litigant has not asked for and been denied by the trial court the privilege plaintiff now seeks.