INVESTORS SECURITY CO., Appellant, v. MOORE, County Treasurer, et al., Respondents.

and

BAKER, Administratrix, Appellant, v. MOORE, County ty Treasurer, et al., Respondents.

(No. 8,260.)

(Submitted April 13, 1942.   Decided June 18, 1942.)

[127 Pac. (2d) 225.]

*Mr. W. W. Mercer* and *Mr. Emmet O'Sullivan,* for Appellants, submitted a brief, and argued the cause orally.

*Mr. John W. Bonner,* Attorney General, *Mr. R. V. Bottomly* and *Mr. Fred Lay,* Assistant Attorneys General, *Mr. L. D. Glenn* and *Mr. William A. Brown,* of Counsel, for Respondents, sub-

mitted a brief; *Mr. Lay* and *Mr. Brown* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The Investors Security Company and Edna S. Baker, as administratrix, brought separate actions against defendants, county treasurer of Wheatland county, and the members of the county and state boards of equalization, to recover taxes paid under protest. The two actions were consolidated and tried together upon substantially the same evidence. The tax involved is for the year 1935. Both complaints charge that the taxes were levied upon a grossly excessive valuation of the property involved in each case, and upon a valuation out of proportion to that placed upon similar lands in contiguous counties; that a wrong method of assessment was followed, and that the action of defendants was arbitrary, tyrannical and capricious.

The complaint of the Investors Security Company charges that its lands, consisting of 1,306.36 acres, were taxed upon a valuation of $21,717, whereas their value was only $5,786. The complaint of Edna Baker, as administratrix, charges that the land involved in that action, comprising 5,060.56 acres, was assessed at the value of $18,925, whereas its value did not exceed $4,071. While, as above stated, the complaints charged a wrong method of assessment and that the action of defendants was arbitrary, tyrannical and capricious, the evidence relied upon by plaintiffs was confined to the charge of excessive valuation, and if a wrong method of assessment was followed, or if the action of defendants was tyrannical, arbitrary or capricious, it was because of the alleged excessive valuation placed upon the property.

The record discloses that each of the plaintiffs appealed from the assessment made by the assessor, first to the county board of equalization, and then to the state board, and that in each instance the assessment as made by the assessor was sus-

tained after hearing before those boards. No record was kept of the evidence introduced before those boards.

In the district court the case was tried upon the theory that the court could only consider evidence which had been before the boards. Plaintiffs in each case offered evidence by attorney Barncord, who represented them before the boards, tending to show that they offered proof by one witness, Mr. Baker, before each board sustaining the valuation of the property as claimed by them, and that no other evidence was introduced before those boards or either of them. They offered proof that there were only 127 acres of irrigated land belonging to the Investors Security Company, whereas defendants assessed 791 acres as irrigated land. However, the record discloses that before the assessor assessed the lands he visited the land with the owner and made reductions in their valuation from what had been the valuation for tax purposes in previous years. The record also discloses that the members of the county board of equalization viewed the property and at the time of the hearing before that board it had before it the official land classification values on land in that vicinity and the tax record of the land in question from the time it was first classified to the time of the hearing. The assessments as made were below those of previous years and below the assessments of other lands in the vicinity similarly classified. Moreover, the assessor testified that he advised the members of both the county and state boards that the values placed by him on the property for 1935 were the full cash values.

The action was tried before Judge William L. Ford, who died before a decision was rendered. Judge Stewart McConochie was called in to decide the case. He found in favor of defendants.

The first contention made by plaintiffs is that the court erred in permitting the assessor to testify as to the circumstances surrounding the making of the assessments. The evidence received over plaintiffs' objection, was to the effect that the assessor viewed the property with Mr. Baker

and discussed the proposed assessed valuation with him. Mr. Baker was an officer of the Investors Security Company, and it is property owned by him at that time that is the subject of the action brought by Mrs. Baker, administratrix. Mr. Baker died before the action was tried in the district court. Plaintiffs contend that the only question before the court was that of the propriety of the action of the state board, and that it was not proper to show what was done by the assessor or the county board. This contention is without merit.

The complaint, after alleging that the assessor assessed the property at the valuation complained of, and after alleging that a fruitless appeal was taken to each of the boards of equalization, avers "that the action of said assessor and of the defendant boards, and each of them, was fraudulent in law and exhibits error, mistake, so gross as to be inconsistent with any exercise of reasonable judgment and was wholly arbitrary, tyrannical and capricious, in that * * *." (Here follow allegations tending to show that the assessor as well as the members of both boards were derelict in their duty to arrive at the full cash value of the property.)

In view of these allegations impugning the acts of the assessor as well as of both boards, we fail to see how plaintiffs can contend that the only issue before the court was whether the state board acted properly.

Plaintiffs contend that the court erred in permitting the assessor to testify as to what the lands in question were valued at in 1934. Since the evidence complained of shows that the value placed upon the lands in 1934 was higher than for 1935, it constituted some proof, along with the other evidence, that the assessor did not act arbitrarily in fixing the assessed value for 1935.

The main point in the case is whether the court was right in concluding, as it did, that the assessment was and is valid. It is well settled that the court will not substitute its judgment for that of the taxing officials and will not notice an overvaluation honestly made, but will grant relief on over-

valuation only when it is so gross as to be inconsistent with the exercise of honest judgment. (*State* v. *State Board of Equalization*, 56 Mont. 413, 185 Pac. 708; *Danforth* v. *Livingston*, 23 Mont. 558, 59 Pac. 916; *State ex rel. Schoonover* v. *Stewart*, 89 Mont. 257, 297 Pac. 476; *Johnson* v. *Johnson*, 92 Mont, 512, 15 Pac. (2d) 842; *International B. M. Corp* v. *Lewis and Clark County*, 111 Mont. 384, 112 Pac. (2d) 477.) The court in an ▇▇ inquiry such as that here—in effect a proceeding to review the orders of the county and state boards of equalization—merely must determine whether the evidence before the boards is sufficient to sustain their orders. (*Johnson* v. *Johnson*, supra.) The evidence offered by plaintiffs before the boards consisted only of the testimony of an interested witness, Mr. Baker. As against that evidence was the statement of the. assessor that he stated before both boards that the value placed by him upon the property was the fair cash value. On this state of the record, if we assume that what took place before the boards could be shown by the recollection of a witness who was present, we cannot say that the court erred in finding in favor of defendants. In other words, there was substantial evidence tending to show that the value as fixed by the assessor and the boards was the fair cash value of the property.

Where the acts of the assessing officers are questioned upon ▇ the ground that they placed a grossly excessive valuation upon property, we do not commend the practice of jutifying their action simply upon their own statement of what they regarded as the value of the property, unsupported by other evidence save records made by them or under their direction. Neither do we commend the practice of attempting to sustain such a charge by the uncorroborated testimony of the owner of the land or his or its agent. In view of the weakness of the showing made by plaintiffs regarding overvaluation, the case made by them was sufficiently overcome by the proof offered by defendants to warrant the court in reaching the conclusion it did.

Complaint is made by plaintiffs that certain evidence received over their objection was inadmissible and that certain findings are not sustained by the evidence. Were we to say that the evidence complained of was inadmissible and that the findings complained of are not supported by the evidence, it still would not alter the conclusion reached by the court. In other words, were we to eliminate the evidence and findings complained of, it would not warrant us in rejecting the important findings that the assessments were honestly made, that a correct method of assessment was used, and that the evidence was sufficient to sustain the valuations.

Accordingly the judgments are affirmed.

Mr. Chief Justice Johnson and Associate Justices Erickson, Anderson and Morris concur.