STATE ex rel GOZA, et al., Relators v. DISTRICT COURT
of ELEVENTH JUDICIAL DIST., in and for FLATHEAD
COUNTY, et al., Respondents.

No. 9095.

Submitted July 2, 1951.   Decided July 30, 1951.

234 Pac. (2d) 463.

Mr. Arnold H. Olsen, Atty. Gen., Mrs. Vera Jean Heckathorn, Asst. Atty. Gen., Mr. H. O. Vralsted, Tax Counsel, Board of Equalization.

Mr. Daniel J. Sullivan, Asst. Tax Counsel, Helena, for appellant.

Messrs. Walchli, Korn & Warden, Kalispell, for respondents.

The Hon. Dean King, Kalispell, Mr. Korn and Mr. Vralsted argued orally.

MR. JUSTICE FREEBOURN:

Original proceeding for a writ of prohibition.

The Alex Shulman Company, a Washington corporation dissatisfied with the assessed value of its real and personal property at Somers, Montana, made by the Flathead county assessor for 1950 tax purposes, applied to the Flathead county board of equalization for a reduction in such assessment. When such was denied, it appealed to the state board of equalization which, after hearing had and personal examination of the assessed property by the individual board members, reduced such assessed value by $56,000.

From the record it appears the Shulman Company paid the 1950 taxes levied on such property under protest and then brought an action in the Flathead county district court to recover so much of such tax as it claimed was excessive, which action is now pending.

On December 6, 1950, the Shulman Company brought an action for a writ of mandate in the Flathead county district court to compel the state board of equalization to further reduce the assessed value of such property. An amended alternative writ of mandate issued directing the state board to reduce such assessed valuation or show cause why it should not do so.

After answer made, following a denial of its motion to quash and vacate such writ, the state board brought this action to prohibit the Flathead county district court and the Hon. Dean King, judge thereof, from proceeding further with such mandamus action, except to quash such writ and dismiss the action.

A writ of mandate is available here only if the Shulman Company is entitled to have the state board of equalization perform a clear, legal duty and then only when and if there is no speedy or adequate remedy in the ordinary course of law. State ex rel. Kennedy v. District Court, 121 Mont. 320, 194 Pac. (2d) 256, 2 A. L. R. (2d) 1050; Raleigh v. First Judicial District Court, 24 Mont. 306, 61 Pac. 991, 81 Am. St. Rep. 431; State ex rel. Peel v. District Court, 59 Mont. 505, 197 Pac. 741; State ex rel. Stephens v. Zuck, 67 Mont. 324, 215 Pac. 806; State ex rel. Duggan v. District Court, 65 Mont. 197, 210 Pac. 1062; State ex rel. Grantier v. Woods, 67 Mont. 337, 215 Pac. 671; and Wilson v. Harris, 21 Mont. 374, 54 Pac. 46.

The state board of equalization in a hearing on appeal from the county board acts in a quasi-judicial capacity, and the presumption obtains that its findings were justified by the evidence taken at the hearing. State ex rel. Schoonover v. Stewart, 89 Mont. 257, 297 Pac. 476; and International Business Machine Corp. v. Lewis and Clark County, 111 Mont. 384, 112 Pac. (2d) 477.

In such a proceeding a court will not substitute its judgment for that of the taxing officials and an over-valuation, honestly made, will not be disturbed. International Business Machine Corp. v. Lewis and Clark County, supra; Johnson v. Johnson, 92 Mont. 512, 15 Pac. (2d) 842. And this is true whether the action be one of straight law or for a writ. Otherwise the court would be converted into an assessing board and would be usurping powers lodged in the executive branch of the state government by the legislative department. State v. State Board of Equalization, 56 Mont. 413, 185 Pac. 708, 186 Pac. 697; International Business Machine Corp. v. Lewis and Clark County, supra; Langen v. Badlands Coop. State Grazing District, 125 Mont. 302, 234 Pac. (2d) 467.

It is only when the action of the board is arbitrary, fraudulent, or that a wrong method of assessment was employed, or that an over-valuation placed upon the property was so gross in error as to be inconsistent with any exercise of honest judg-

ment, that the courts will interfere. Johnson v. Johnson, supra; International Business Machine Corp. v. Lewis and Clark County, supra; Langen v. Badlands, etc., Dist., supra.

If the Shulman Company can show an unlawful assessment, it has a cause of action under R. C. M. 1947, sec. 84-4502, which in part provides that an action may be brought "In all cases of levy of taxes * * which are deemed unlawful by the party whose property is thus taxed * * *." See Investors Security Co. v. Moore, 113 Mont. 400, 127 Pac. (2d) 225.

An action brought under R. C. M. 1947, sec. 84-4502, was intended to permit recovery of any tax or part thereof which could not be lawfully exacted, and, in effect, is a proceeding to review the decisions of the county and state boards of equalization. Johnson v. Johnson, supra. The legal remedy provided for by R. C. M. 1947, sec. 84-4502, and sec. 84-4505, relating to injunction, is exclusive in respect to an unlawful, or a void, levy of taxes. First Nat. Bank v. Sanders County, 85 Mont. 450, 279 Pac. 247; First Nat. Bank v. Beaverhead County, 88 Mont. 577, 294 Pac. 956; Williams v. Harvey, 91 Mont. 168, 6 Pac. (2d) 418.

Since there is a speedy and adequate remedy in the ordinary course of the law under R. C. M. 1947, sec. 84-4502, available to the Shulman Company, the amended alternative writ of mandate should not have issued and the board's motion to quash should have been granted.

Under the authorities above cited the case of Corcoran v. State Board of Equalization, 116 Mont. 499, 154 Pac. (2d) 795, a mandamus action, is overruled.

For the reasons stated a writ will issue forthwith prohibiting the district court from proceeding further in the mandamus action. It is so ordered.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES METCALF and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I do not agree that the Shulman Company has an adequate remedy at law under R. C. M. 1947, sec. 84-4502. That section was formerly section 2269, R. C. M. 1935. Section 2270, R. C. M. 1935, was designed to offer the taxpayer a remedy for overvaluation of his property by paying the tax under protest and suing to recover it back. It has specific reference to property overvalued for tax purposes. But it applied only to such taxpayers who deliver to the assessor a sworn statement of their property, giving the estimated value thereof. Here it is alleged in the petition of relators that the Shulman Company did not furnish such statement. It is in no position to take advantage of section 2270, R. C. M. 1935.

Furthermore, this court in International Business Machine Corp. v. Lewis and Clark County, 111 Mont. 384, 112 Pac. (2d) 477, held that part of the statute unconstitutional and the unconstitutional part of the statute was omitted when the section was incorporated into the 1947 Codes, sec. 84-4503.

Section 2269 does not apply when the only grievance of the taxpayer is that his property has been overvalued for assessment purposes. If it did then there was no purpose in enacting section 2270. Likewise if section 2269 does apply to overvaluation of property then it is unconstitutional for the same reasons which nullified that part of section 2270 so providing.

It cannot be said that section 2269 affords a remedy unless the court has the right to fix the value of the property in case it finds it has been overvalued. But this would make of the court an assessing tribunal which it repeatedly has asserted may not be done.

Johnson v. Johnson, 92 Mont. 512, 15 Pac. (2d) 842, 845, is relied on as authority supporting the view that a taxpayer may sue to recover taxes paid under protest when the excessive tax is alleged to have been exacted because of overvaluation. But in that case there were allegations of improper classification of the lands in question. The court was careful to point out that "Mere overvaluation of the property, if shown, is not enough to overthrow the order of the board."

Investors Security Co. v. Moore, 113 Mont. 400, 127 Pac. (2d) 225, is also relied on as sustaining the view that there is an adequate remedy in an action to recover the tax paid under protest. That case does leave such an inference. The point however was not considered since it was held that the evidence was sufficient to sustain the action of the board. The court did not indicate what the result would have been had the evidence not sustained the action of the board. Unless the court could then resolve itself into an assessing tribunal and fix the value of the property, plaintiff would not have an adequate remedy under section 2269.

A mere cursory reading of R. C. M. 1947, sec. 84-4505, will show that it has no application to a tax claimed to be excessive on account of overvaluation. If the courts are to be thrown open to fix valuations of property for tax purposes either under section 84-4502 or 84-4505, then the Constitution which imposes upon the state board of equalization the duty to ''equalize the valuation of taxable property among the several counties, and the different classes of taxable property in any county and in the several counties and between individual taxpayers,'' will be meaningless. Mont. Const., Art. XII, sec. 15.

I think the opinion in the case of Corcoran v. State Board of Equalization, 116 Mont. 499, 154 Pac. (2d) 795, was proper and should not be overruled. But if it is thought to be erroneous, still a number of other opinions will have to be overruled before the way is cleared for every taxpayer who thinks his property has been overvalued for tax purposes to pay under protest and then sue to recover that part which he thinks is excessive.

I think the writ applied for here should be denied.

I have considered the case on the merits, but it is my further opinion that this court was not justified in taking jurisdiction of the case at this time. I think the board's application was premature. Respondent court has yet taken no action affecting the rights of either party. All it did was to set the matter for hearing by issuing an alternative writ. I think respondent court not only had the right but that it was duty bound to set the

matter for hearing. Respondent's decision after hearing may have been entirely satisfactory to the relator.