STATE EX REL. NIEWOEHNER APPELLANT, v. LUTEY, COUNTY ASSESSOR, ET AL., RESPONDENTS.

No. 9103.

Submitted April 24, 1952. Decided May 27, 1952.
Rehearing Denied July 29, 1952.

245 Pac. (2d) 1042.

Mr. Justice Angstman dissented.

Mr. George Niewoehner, White Sulphur Springs, for appellant.

Mr. Michael G. Chilton, County Atty., Mr. Albert C. Angstman, Deputy County Atty., Mr. Melvin E. Magnuson, all of Helena, for respondent.

Mr. Niewoehner and Mr. Chilton argued orally.

MR. JUSTICE METCALF:

The relatrix alleges that she filed with the county assessor of Lewis and Clark county a statement under oath setting forth a description and valuation of her property in Lewis and Clark county. The county assessor refused to enter the valuation submitted. The county assessor never summoned the relatrix to appear and testify as to the value of the property as provided by section 84-412, R. C. M. 1947. The relatrix tendered the county treasurer the amount of taxes she believed to be owing computed by applying the current levies to the value given in the property statement. The relatrix by this action seeks a peremptory writ of mandate ordering the county assessor to enter the valuation of the property as submitted by relatrix in the official assessment books and to require that the county treasurer accept the amount tendered in full payment of taxes due for the year 1949.

A motion to quash the alternative writ was interposed and granted and judgment entered. This appeal is from the judgment.

The relatrix' petition does not allege that the county assessor of his own volition increased the valuation of the petitioner's property. However, information elicited from counsel in oral argument indicates that is what happened.

Section 84-4503, R. C. M. 1947, affords the taxpayer the remedy when the assessor makes an arbitrary and unfair increase in valuation.

"Whenever any person has delivered to the assessor a sworn statement of his property subject to taxation as now provided by law, and giving the estimated value of such property, and the assessor shall increase such estimated value, or add other property to such assessment list, he shall, at least ten days prior to the meeting of the county board of equalization, give to such person written notice of such change * * *. Such person may then appear before the county board of equalization and contest the same; and if the assessment of any such person has been added to or changed, either by the assessor or by the county board of equalization, and such person has not been

notified thereof and given an opportunity to contest the same before the county board of equalization, the tax on such increased value or added property shall, upon such facts being established, be adjudged by the court to be void, and such facts and all questions relating thereto, when said tax has been paid under protest, may be heard and determined in the action provided for in section 84-4502.''

The statute spells out the form of action to determine whether ██ ██ the tax is void and gives the remedy for recovery of taxes illegally assessed. The statutory remedy is exclusive in the absence of a showing that the remedy provided is inadequate. R. C. M. 1947, sec. 84-4504; State ex rel. Goza v. District Court, 125 Mont. 296, 234 Pac. (2d) 463. No such showing has been made by relatrix' pleadings. Therefore the extraordinary remedy of mandamus is not available here where the statute explicitly sets forth a plain, speedy and adequate remedy in the ordinary course of the law. State ex rel. Goza v. District Court, supra.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I think this case is not controlled by State ex rel. Goza v. District Court, 125 Mont. 296, 234 Pac. (2d) 463, because in that case the taxpayer did not furnish a sworn statement to the assessor. Here such a statement was furnished and the valuation was changed without notice to the taxpayer as provided in R. C. M. 1947, sec. 84-4503. Here the tax on the increased value was and is void under the express command of section 84-4503.

In such a situation I think the rule stated in Barnard Realty Co. v. City of Butte, 50 Mont. 159, 145 Pac. 946, 949, applies. In that case this court said: ''It is sufficient to say in this connection however, that if the taxing authorities undertake to levy a tax not authorized by law, or upon property not subject

to be taxed, their action is without jurisdiction and void. Clark v. Maher, 34 Mont. [391] 401, 87 Pac. 272. It is not necessary to cite authorities to sustain the assertion that the right of the owner of property to relief by injunction is not in any wise affected by his failure, either upon notice by the assessor (amended section 2743, supra [Rev. Codes 1907]) or by the board itself (Rev. Codes, sec. 2581), to make timely objection. The assessment being wholly illegal, because without authority, its validity may be questioned by any available method. The same may be said as to the exclusive character of the remedy provided by amended section 2743, supra.''

The Supreme Court of Utah in Armstrong v. Ogden City, 12 Utah 476, 43 Pac. 119, 121, considered this same question with reference to a special tax for improvement and said: ''But it cannot be maintained that' where the tax was wholly void and illegal, as in this case, the parties injured were compelled to use this special and summary remedy, when the whole field of equitable relief was open to them.''

When a statement is not furnished as in the Goza Case, supra, then the assessor must exercise his own discretion as to value and mandamus will not lie to control that discretion, unless the action is so arbitrary as to be constructively fraudulent. But here the assessor had no discretion to increase the valuation given by the property owner when he failed to give the taxpayer the notice provided for by section 84-4503.

The fact that mandamus will not issue to control discretionary matters is of course fundamental and was pointed out in Volume 4, Cooley on Taxation, sec. 1600, p. 3180. But section 1601, on page 3186, of the same volume points out that it will lie to cancel illegal and unauthorized acts of assessors. It is there said: ''So the writ will lie to compel assessors to strike from the assessment roll non-taxable property which they have included in it. Here is a clear case of excess of jurisdiction; nothing is submitted to their discretion, because by the law the subject-matter of the controversy is put beyond their authority, and they can lawfully neither list it, nor value it.''

In 61 C. J., Taxation, sec. 1120, pp. 888, 889, it was pointed out that mandamus will not issue to control discretionary matters, yet the writ is available to compel taxing officers "to deduct an unwarranted increase in the assessment, or otherwise to correct it when they have violated their plain statutory duty either in fixing it originally or in changing it contrary to law."

I think mandamus lies to compel the cancellation of a void tax and to compel the officers to correct their records to conform to the facts.

In 7 Bancroft's Code Practice, sec. 5598, p. 7390, it is said:

"It is the prevailing view that, if such duty is imposed by statute and does not involve the exercise of discretion, mandamus lies to compel the making of an assessment of property, the making of additions or corrections in an assessment-roll, the entering upon the tax rolls of omitted property, the cancellation of a double assessment or the remitting of an amount that is wrongfully assessed."

This court has frequently used this writ to settle tax disputes. State ex rel. Snidow v. State Board of Equalization, 93 Mont. 19, 17 Pac. (2d) 68, 18 Pac. (2d) 804; State v. State Board of Equalization, 56 Mont. 413, 185 Pac. 708, 186 Pac. 697; State ex rel. Bourquin v. State Board of Equalization, 67 Mont. 340, 215 Pac. 667. I concede that the taxpayer could have paid the illegal tax under protest and brought action to recover it, but I think that is not the exclusive remedy.

R. C. M. 1947, sec. 84-4503, in part provides that if the value given to the assessor by the property owner is increased, he shall give written notice to the property owner prior to the meeting of the county board of equalization and if notice is not given, "the tax on such increased value or added property shall, upon such facts being established, be adjudged by the court to be void". A void thing is a nullity. It may be attacked at any time. It fixes no rights and creates no obligations. The effect of the majority opinion is to breathe life and vitality into acts which the statute says the court must declare void, assuming as

we must on motion to quash that the allegations of the complaint are true.

I think too that to construe section 84-4503 as compelling the payment of an illegal and void tax or its deposit with the tax collecting officers as a condition precedent to the right to contest its validity raises grave doubts as to its constitutional validity under section 6 of Article III of our Constitution. Compare State ex rel. Souders v. District Court, 92 Mont. 272, 12 Pac. (2d) 852; and see 61 C. J., Taxation, sec. 2002, p. 1408; 16 C. J. S., Constitutional Law, sec. 717, p. 1504. At least one court holds that the remedy of paying an illegal exaction and suing to recover it back is not an adequate remedy, and for that reason mandamus is proper. State ex rel. National Bank v. Cromer, 35 S. C. 213, 14 S. E. 493.

I think the judgment should be reversed.