BERT STEWART, Plaintiff and Respondent, v. STATE OF MONTANA, STATE BOARD OF EQUALIZATION OF THE STATE OF MONTANA, and J. F. REID, E. J. BYRNE and W. J. WINTERS, Constituting Members of the State Board of Equalization, Defendants and Appellants.

No. 9931.
Submitted April 7, 1959. Decided June 9, 1959.
340 Pac. (2d) 151.

324

Forrest H. Anderson, Atty. Gen., George T. Bennett, Sp. Asst. Atty. Gen., for appellants. George T. Bennett, Helena, argued orally.

Leif Erickson, Helena, amicus curiae.

Aronow & Cure, Shelby, for respondent, Cedor B. Aronow, Shelby, argued orally.

MR. CHIEF JUSTICE HARRISON:

Plaintiff Stewart applied to the district court for writ of mandate directed to defendants and in his affidavit, filed November 26, 1957, stated that in 1953 he prepared an income tax return showing a tax due of $771.47; that due to "mistake, inadvertence, and excusable neglect" he failed to pay the tax at the time he filed the return; that he was notified by the State Board of Equalizaion on August 26, 1953, that a 100 percent penalty had been assessed against him, together with interest from April 15, 1953, which would be the date upon which the return was due to be filed and the tax paid; that "in 1955, R.C.M. 1947 [1935], section 2295.24, was repealed" and that "no saving clause was enacted in the repealing legislation."

Plaintiff further stated that he did not fail voluntarily to pay the tax, and that the penalty fixed by the aforementioned statute applies only to the taxpayer who fails voluntarily to pay the tax; that he had been informed and believed that no penalty or interest was due on the tax; that the Board had issued a warrant of distraint and had attached his personal property and was preparing to sell the same; and that he had no plain, speedy or adequate remedy at law and would suffer irreparable harm if the Board were permitted to sell the personal property.

He further contended that he had theretofore tendered and did now tender the amount of the tax due, $771.47, but the Board had refused to accept said sum and that it was necessary to retain the services of attorneys and had become obligated to pay them a reasonable fee.

Based upon this showing, the court issued alternative writ of mandate commanding the Board to accept the sum of $771.47 in full payment of Stewart's 1953 income tax or show cause why it had not done so. The alternative writ further commanded that the Board and its agents desist and refrain from any further proceedings to collect the penalty and interest on the said tax and from levying on or selling any of the property of Stewart until the further order of the court.

On December 10, 1957, the State of Montana and the Board filed motion to quash the alternative writ of mandate based on several grounds, the first being: ''That the Affidavit upon which the Writ was issued does not state facts upon which the relief sought, or any relief may be granted.''

On December 20, 1957, plaintiff filed a motion to strike, which was directed to all grounds in the motion to quash, save the first one hereinbefore set forth. This motion was granted by the court and no further appearance being made by the Board, the Court made and entered its judgment on January 28, 1958, ordering the issuance of a peremptory writ of mandate directed to the Board, commanding it to accept the sum of $771.47 in full payment of the tax; holding that the Board was without right or authority to collect an additional tax or penalty and interest thereon; directing judgment against the State of Montana for attorney's fees in the sum of $1,000, together with plaintiff's costs in the sum of $9.55, and ordering that the defendants and their agents desist and refrain from any further proceedings to collect the penalty or additional tax or interest and that the attachments, executions, distraint and liens in the aid of collecting the tax be discharged. The peremptory writ was issued on February 28, 1958.

The defendants filed notice of appeal from the judgment on

■ March 10, 1958, and contend that the court erred in issuing the writ upon the plaintiff's application. Section 93-9101 et seq., R.C.M. 1947, provides for the issuance of a writ of mandate. It has long been held that the applicant must establish a clear legal right to the writ in his application therefor, and a violation of duty by the person sought to be coerced. The writ is available only where there is no speedy or adequate remedy in the ordinary course of law. State ex rel. Goza v. District Court, 125 Mont. 296, 234 Pac. (2d) 463.

The plaintiff contends that a writ of mandate was the only ■ remedy available by reason of the actions of the State Board itself.

We must first examine the statutes applicable in this matter. R.C.M. 1947, section 84-4924, subd. (2), prior to its amendment in 1955, provided:

"(2.) If any person fails voluntarily to make a return of income or to pay a tax if one is due within sixty (60) days of the time required by or under the provisions of this Act, the tax shall be doubled and such doubled tax shall be increased by one (1) percentum for each month or fraction of a month from the time the tax was originally due to the date of payment.

Section 84-4919, R.C.M. 1947, provides that income tax returns shall be filed on or before the 15th day of April by taxpayer filing upon the calendar year basis.

R.C.M. 1947, section 84-4924, subd. (1), before amendment in 1955, provided that "If any person, without intent to evade any tax imposed by this Act," fails to pay the tax "at the time required * * * but voluntarily makes a correct return of income and pays the tax due within sixty (60) days thereafter, there shall be added to the tax an additional amount equal to five (5) percentum thereof," but not less than $2 and an additional one (1) percentum for each month or fraction thereof that the tax remains unpaid.

R.C.M. 1947, section 84-4925, provided for the payment of the tax in two installments, the first half of the tax to be paid on or before April 15, the second half of the tax to be paid on

or before the sixth month thereafter, and then further provided ''If any installment is not paid in full on or before the date fixed for its payment, either by this act or by the board in accordance with the terms of an extension, the whole amount of the tax remaining unpaid shall be due and payable upon notice and demand from the board, and shall be subject to interest, penalties and additional taxes as provided in section 84-4924.''

R.C.M. 1947, section 84-4928, provided that if any tax was not paid within sixty days after the same became due, the Board should issue a warrant directed to the sheriff commanding him to levy upon and sell sufficient property for the payment of the amount of the tax, with the added penalties, interest and costs.

Bearing in mind the provisions of law applicable, and referring now to the facts averred in the affidavit of plaintiff, his tax was due on April 15, 1953, and when the return was filed payment of the tax did not accompany it. Now, if plaintiff had paid the tax within sixty days he would have been subject to the penalty of five percent and one percent per month from April 15 to the date of payment. This was not done by the plaintiff. Subdivision (2) of section 84-4924, supra, before amendment, would then be applicable, the tax not having been paid within sixty days, the tax would be doubled, such doubled tax increased by one percent per month from April 15, 1953, to the date of payment. The tax being due on April 15, 1953, the sixty day period provided by section 84-4924, subd. (1), would expire June 15, 1953. The application of plaintiff herein states that the Board notified him that the 100 percent penalty had been assessed against him on August 26, 1953, which conforms with the law then in effect.

From the affidavit it appears that the State Board, acting in accordance with the provisions of section 84-4928, issued a warrant of distraint and attached personal property of the plaintiff for the purpose of collecting the tax. From the foregoing it

is apparent that the Board was following the letter of the law and there would exist no grounds for the issuance of a writ.

As to the other allegations of the plaintiff (1) the contention that failure to pay the tax was due to "mistake, inadvertence, and excusable neglect" avails nothing for the reason that the law makes provisions to cover such a situation when it affords a sixty day period to cure the same by payment of the tax, a small penalty and interest up to date of payment; and (2) the contention, that section 84-4924 was repealed in 1955 and that no saving clause was enacted in the repealing act, is not tenable for the reason that Chapter 163, Laws of 1955, amended the section. It did not repeal it.

Further, Chapter 163, of the Laws of 1955, contained no provisions repealing any act or parts of acts in conflict therewith. While it was not necessary to discuss it in the opinion, this same argument was indirectly considered by this court in State ex rel. Hardy v. St. Bd. of Equal., 133 Mont. 43, 319 Pac. (2d) 1061, and State v. Toomey, Mont., 335 Pac. (2d) 1051. We rejected it in those cases and do so here.

The judgment is reversed and the cause remanded to the district court with directions to quash the writ of mandate and dissolve all restraining orders issued.

MR. JUSTICES BOTTOMLY, ADAIR and CASTLES, concur.

MR. JUSTICE ANGSTMAN:

I concur in the result reached in the foregoing opinion but solely on the ground of stare decisis.

As will be noted I did not agree with the majority opinion in the cases of State ex rel. Hardy v. St. Bd. of Equal., 133 Mont. 43, 319 Pac. (2d) 1061; and State v. Toomey, 135 Mont. 35, 335 Pac. (2d) 1051, so far as they upheld legislation authorizing the doubling of the tax.

I have not changed my opinion but yield to the application of those cases here on the ground of stare decisis.